UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
DOCKET NO. 05-11682

| | |
|---|---|
| L & T YACHT SALES, INC., ) | RECEIPT # 66248 |
| Plaintiff ) | AMOUNT $ 250.00 |
| ) | SUMMONS ISSUED 1 |
| VS. ) | LOCAL RULE 4.1 ✓ |
| ) | WAIVER FORM ✓ |
| POST MARINE CO., INC., ) | MCF ISSUED — |
| Defendant ) | BY DPTY. CLK. M.P. |
| | DATE 8/12/05 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

MAGISTRATE JUDGE RBC

**PARTIES**

1. The Plaintiff, L & T YACHT SALES, INC., (hereinafter "L & T") is a duly organized Rhode Island corporation with a business address at 56 Ruggles Avenue, Newport, Rhode Island. L & T, is the registered owner of a 2001 50' yacht known as the "Relentless," (serial no. PMC 50076A101), manufactured by the Defendant, Post Marine Co., Inc. (the "boat").

2. Todd J. Hamilton of 1061 Brush Hill Road, Milton, Massachusetts ("Hamilton") is each officer and the sole director of L & T.

3. L & T and Hamilton usually docks and stores the boat in Hingham or New Bedford, Massachusetts.

4. The Defendant, Post Marine Co., Inc., (hereinafter "Post") is, upon information and belief, a duly organized New Jersey corporation with a principal place of business at 100 Post Road, Mays Landing, New Jersey.

5. Post advertises, sells yachts and does business throughout the United States, including the

1

Commonwealth of Massachusetts. Some of this is done through a network of eight (8) authorized Post dealers. Two (2) of the eight (8) authorized Post dealer locations are in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are conferred upon this Court pursuant to Article III, Section 2 of the United States Constitution and 28 U.S.C § 1332 et seq.

## FACTS COMMON TO ALL COUNTS

7. In May of 2004, while the boat was docked in Hingham, Massachusetts, Hamilton discovered a serious defect with the boat, in particular, the severe and extensive cracking and failure of its gel coat outer skin, as a result of design and /or manufacturing defects

8. Post confirmed this finding to Hamilton and was or became aware a similar defect of other yachts manufactured by Post.

9. Hamilton made Post aware that L & T had an existing bona fide offer to purchase the boat, but the amount offered was substantially diminished due to significant and widespread damage to the boat, which had become apparent to Hamilton in May of 2004.

10. At the time of this offer on the boat, L & T stood to lose, *inter alia*, in excess of one hundred thousand dollars ($100,000.00) in the diminished resale value of the boat, as a result of the damage from the defect in the gel coat.

11. Post informed Hamilton that they were repairing the gel coat on the boats that were brought in by Post customers.

12. Post agreed to fix the gel coat problem on L & T's boat.

13. Hamilton inquired about the process that Post would undertake to repair the boat and about the level of care and workmanship that would go into Post's repair of the boat. Post directed

Hamilton to another Massachusetts Post owner to review the recent work performed by Post to this owner's particular boat.

14. Hamilton was very displeased with the work he viewed on this particular boat, noting that the defective gel coat was not removed, but instead only sanded down in certain spots and covered up with new gel coat. This method of repair was unacceptable to Hamilton. Therefore, Post agreed to completely replace the gel coat to the boat.

15. On September 2, 2004, five months following the initial discussions with Post, Mr. Joseph Matorana, Vice President of Post, provided Hamilton a letter agreeing to perform the necessary repairs, which specifically included agreeing to remove the gel coat from the entire surface to ensure consistency.

16. In addition, the parties also discussed in detail the overall standard care to be used by Post, so as to prevent over spray, dust in the engine or in the living quarters of the boat, etc. Post agreed to take the necessary measures to insure that the boat would be returned in the same, clean condition in which Hamilton would deliver it to Post.

17. On November 1, 2004, Hamilton drove the boat from Massachusetts to Post's facility in New Jersey for the agreed-to repairs. At the time Post took delivery of the boat for the repairs, Post indicated to Hamilton that the boat would be ready by May of 2005; in time for most of the 2005 boating season. Post was fully aware that Hamilton was attempting to sell the boat and had at least two potential buyers for it once the anticipated repairs were completed.

18. In February, Hamilton flew to Post to review the status of the work. At this time, very little work had been completed on the boat; however, Post continued to assure Hamilton that the repairs to the boat would be completed by May, as the parties had agreed.

19. In May of 2005, Hamilton once again flew to Post's facility in New Jersey, expecting to find

the boat close to complete. Hamilton inspected boat and noted and further indicated and provided in writing to Post a list of outstanding items, which were yet to be completed.

20. Post indicated to Hamilton that they had not yet begun work to replace the gel coat on the sides of the hull or the bottom of the hull and but again assured Hamilton that it would be completed as the parties had discussed and agreed. However, Post stated that the boat repairs would not be completed in May, but not until mid July 2005, just prior to Post closing down for a two-week vacation beginning on July 18, 2005. Once again Hamilton and L & T relied on Post's word.

21. The week of July 11, 2005, Hamilton contacted Post to let them know he would be down that week to pick up the boat before Post closed for vacation. Post indicated to Hamilton that the boat was indeed ready. Hamilton purchased a plane ticket, rented a car and got a hotel room, all at his expense, and took time out of his work schedule to go to the Post facility. For this trip however, he purchased only a one-way plane ticket based on Post's assurance that the boat was complete and he could drive it back to Massachusetts.

22. Upon Hamilton's arrival at Post on July 12, 2005, it was apparent that the repairs were not complete. The bottom of the boat had not even been touched and the sides of the boat still had cracks. It was also apparent to Hamilton that additional cracks were occurring on the boat and that, contrary to what the parties had agreed, Post failed to remove the defective gel coat and replace it.

23. Other portions of the boat were not in the same, clean condition as when Hamilton had delivered it from Massachusetts in November of 2004 and needed extensive cleaning or repair.

24. Hamilton requested in writing that Post not do any additional work on the sides or the bottom

of the boat until the parties could have further since Post clearly failed to remove the defective gel coat as the parties had agreed. Post failed to contact Hamilton before closing for its two week vacation.

25. After this two week vacation, Hamilton again traveled from Massachusetts to New Jersey and had the boat inspected by another yacht repair company, who concurred with Hamilton's findings that the boat was not repaired correctly.

26. The 2005 boating season has almost ended and the value of the boat has diminished significantly. L & T continues to pay insurance and carrying cost on a boat that he cannot use and cannot sell.

27. Post has now demanded that Hamilton remove the boat from its facility without performimg any additional repairs or cleaning.

## COUNT I: BREACH OF CONTRACT

28. The Plaintiff re-alleges paragraphs 1 through 26 of this Complaint as if set forth in full herein and incorporates the same by reference.

29. Post breached its contract with L & T by failing to repair the boat as promised and in a good and workmanlike and timely manner.

30. As a result of the actions of Post and its breach of contract, L & T has incurred substantial monetary damages including, but not limited to, a loss of the benefit of its bargain; the diminished value of the boat; the lost opportunity of sale; expenditures for travel, insurance and carrying costs while the boat was at Post's facility in New Jersey; and the anticipated future expense of proper repair and cleaning, and has otherwise been damaged.

**WHEREFORE**, the Plaintiff demands the relief as set forth below

## COUNT II: FRAUDULENT MISREPRESENTATION

31. The Plaintiff re-alleges paragraphs 1 through 30 of this Complaint as if set forth in full herein and incorporates the same by reference.

32. In agreeing to provide said repairs to L & T's boat, Post, on numerous occasions falsely and fraudulently represented that Post was willing, ready and able to provide the repairs in a TIMELY, complete and workmanlike manner.

33. Those representations were false and in fact known to be false by Post at the time they were made. In truth and in fact, Post did not intend to provide the repairs in a quality, workmanlike manner as promised.

34. L & T relied on Post's false and misleading representations all to L & T's detriment.

35. As a result of L & T's reliance on Post's false and misleading representations L & T was financially damaged.

**WHEREFORE,** the Plaintiff demands the relief as set forth below.

## COUNT III
## NEGLIGENT MISREPRESENTATION

36. The Plaintiff re-alleges paragraphs 1 through 35 of this Complaint as if set forth in full herein and incorporates the same by reference.

37. In agreeing to provide the repairs to L & T's boat, Post negligently represented that it was willing, ready and able to provide the repairs in a TIMELY, complete and workmanlike manner, when it knew or should have known that it could not or would not perform as promised.

38. Post knew or reasonably should have known that the Plaintiff would rely on said promises and representations.

39. The Defendants had a duty to truthfully represent its ability and willingness to provide the repairs in a TIMELY, complete and workmanlike manner, as promised.

40. As a result of L & T's reliance on Post's misrepresentations, L & T has suffered substantial financial damages.

**WHEREFORE**, the Plaintiff demands the relief as set forth below.

### COUNT IV: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. The Plaintiff re-alleges paragraphs 1 through 40 of this Complaint as if set forth in full herein and incorporates the same by reference.

42. Post is a merchant as that term is defined by the Uniform Commercial Code.

43. Post knew at the time of constructing the boat and its gel coat, its purchaser would rely on Post's skill and judgment in furnishing suitable products.

44. The boat and its gel coat were not suited for its particular purpose.

**WHEREFORE**, the Plaintiff demands the relief as set forth below.

### COUNT V: NEGLIGENCE

45. The Plaintiff re-alleges paragraphs 1 through 44 of this Complaint as if set forth in full herein and incorporates the same by reference.

46. In undertaking to perform repairs to the boat, Post had a duty to L & T do so at a certain standard of care.

47. Post breached its duty to L & T, proximately causing damage to the boat and L & T.

**WHEREFORE**, the Plaintiff demands the relief as set forth below.

## RELIEF SOUGHT

I. That a judgment for breach of contract be entered on Count I in favor of L & T with prejudgment interest from the date of breach;

II. That a judgment based upon fraudulent misrepresentation stated be entered on Count II in favor of L & T with prejudgment interest;

III. That a judgment for negligent misrepresentation be entered on Count III in favor of L & T with prejudgment interest;

IV. That a judgment for breach of implied warranty be entered on Count IV in favor of L & T with prejudgment interest;

V. That a judgment for negligence be entered on Count V in favor of L & T with prejudgment interest;

VI. That the Court award the Plaintiffs costs and reasonable attorney's fees;

VII. For further relief the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
The Plaintiff,
By its Attorneys,

John E. Zajac, Esquire
Carmichael & Zajac, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552
BBO No. 560195

Dated: August 12, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
L+T Yacht Sales Inc.

### DEFENDANTS
Post Marine Co. Inc.

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Phone # 508-821-2552
Carmichael Zajac P.C.
170 High St. Taunton, MA 02780

Attorneys (If Known)
05-11682 MLW

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Breach of Contract, Negligence, Misrepresentation

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __L+T Yacht Sales__
   __Post Marine Co. Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   05-11682 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __n/a__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John Zajac__
ADDRESS __170 High Street__
TELEPHONE NO. __Taunton MA  02780__

(CategoryForm.wpd -5/2/05)