UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11682MLW

| | |
|---|---|
| L & T YACHT SALES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| VS. | ) |
| | ) |
| | ) |
| POST MARINE CO., INC., | ) |
| | ) |
| Defendant | ) |

## AMENDED ANSWER AND JURY DEMAND OF POST MARINE CO., INC.

Defendant Post Marine Company, Inc. answers Plaintiff's complaint as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2.

3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3.

4.  Defendant admits the allegations of paragraph 4.

5.  The allegations of paragraph 5 are denied.

6.  Paragraph 6 contains only legal conclusions to which no response is required. To the extent that the paragraph contains factual allegations they are denied.

7.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7.

8. The allegations of paragraph 8 are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14, except that Defendant denies the allegations contained in the last sentence of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

## COUNT I: BREACH OF CONTRACT

28. Defendant incorporates by references all prior answers to paragraphs 1 through 27 as though fully stated herein.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

## COUNT II: FRAUDULENT MISREPRESENTATION

31. Defendant incorporates by reference the prior answers to paragraphs 1 through 30 as though fully stated herein.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

## COUNT III: NEGLIGENT MISREPRESENTATION

36. Defendant incorporates by reference the prior answers to paragraphs 1 through 35 as though fully stated herein.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

**COUNT IV: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

41. Defendant incorporates by reference the prior answers to paragraphs 1 through 40 as though fully stated herein.

42. Defendant admits the allegations of paragraph 42.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

**COUNT V: NEGLIGENCE**

45. Defendant incorporates by reference the prior answers to paragraphs 1 through 44 as though fully stated herein.

46. The allegations of paragraph 46 are denied.

47. The allegations of paragraph 47 are denied.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff's complaint must be dismissed for insufficiency of service of process or in the alternative for failure to properly serve the complaint as provided by Rule 4 of the Federal Rules of Civil Procedure.

Second Affirmative Defense

Post Marine Co., Inc. states that Plaintiff purchased a used boat at a private sale, without reference or involvement with Post Marine Co., Inc. Accordingly, as Plaintiff has no privity

with Post, there can be no implied warranty of merchantability or of fitness for a particular purpose, as Post was not a party to the transaction.

### Third Affirmative Defense

Post Marine Co., Inc. does provide an express, written, limited warranty which is issued for the benefit of the first retail purchaser of the yacht, which was not the Plaintiff in this action, which terms and limitations are the only warranties provided by Post, and which warranties (to the extent they have not expired) are not applicable to this Plaintiff.

### Fourth Affirmative Defense

Post Marine Co., Inc. states that by the terms of its express, written, limited warranty, Post disclaims any liability for consequential, indirect, or other damages, including but not limited to, lost profits, loss of use, or diminution in value.

### Fifth Affirmative Defense

Post Marine Co., Inc. states that no contract was ever formed between Plaintiff and Defendant insofar as Plaintiff provided no consideration to Defendant. Alternatively, no contract is enforceable due to failure of consideration.

### Sixth Affirmative Defense

Any issues related to gel coat are specifically excluded from the applicable written, limited warranty.

### Seventh Affirmative Defense

Post states that any claims in tort are barred by the economic loss rule.

### Eighth Affirmative Defense

Post states that to the extent any contract may have been formed, Post fully and completely performed its obligations thereunder, and was prevented from fulfilling and

completing performance by Plaintiff.

### Ninth Affirmative Defense

Post states that Plaintiff has failed to name an indispensable party to this action, which is the manufacturer of the gel coat which failed.

### Tenth Affirmative Defense

Post states that venue is not proper in this District.

### Eleventh Affirmative Defense

The claims set forth in the Complaint are barred in whole or in part by the applicable statute of limitations.

### DEMAND FOR TRIAL BY JURY

Defendant Post Marine Company, Inc. demands trial by jury on all matters so triable.

                                            Defendant
                                            By its attorney,

                                            /s/ Howard M. Brown
                                            HOWARD M. BROWN
                                            BBO #547948
                                            Bartlett Hackett Feinberg P.C.
                                            155 Federal Street, 9th floor
                                            Boston, MA 02110
DATED: May 25, 2006                          Tel. (617) 422-0200