UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11682MLW

| | |
|---|---|
| L & T YACHT SALES, INC. )<br>    Plaintiff )<br>)<br>v. )<br>)<br>POST MARINE CO., INC., )<br>    Defendant ) | *Filed Electronically* |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Post Marine Co., Inc. ("Post") requests that the Court enter summary judgment in its favor on all counts set forth in Plaintiff's complaint. As set forth in the Statement of Material Facts and Memorandum of Law filed herewith:

1. Post is a New Jersey boat manufacturer which sells its product to boat retailers throughout the United States.

2. Post does not sell its boats to retail customers.

3. Plaintiff L&T Yacht Sales, Inc. ("L&T") is a corporation that privately purchased a used boat that had been manufactured by Post from an individual named Jim Zappi ("Zappi").

4. Todd Hamilton ("Hamilton") is L&T's sole officer and director.

5. L&T's complaint asserts five causes of action: breach of contract; fraudulent misrepresentation; negligent misrepresentation; breach of implied warranty of merchantability; and negligence arising out of the alleged failure of the used boat's "gel coat."[1]

6. Post issues a written one-year limited warranty ("Limited Warranty") which covers all

---

[1] Gel coat is a protective gloss covering a boat's hull. Gel coat is not manufactured by Post.

boats it manufactures.

7.  The Limited Warranty is a limited "repair or replacement" warranty which specifically excludes gel coat.  The Limited Warranty specifically limited the duration of the implied warranty of merchantability to the duration of the Limited Warranty (one year) and further disclaimed all liability for incidental and consequential damages. The duration of the Limited Warranty was for one year from the date of sale to the original purchaser.

8.  This limited warranty had expired by the time L&T purchased the boat.

9.  L&T notified Post in August 2004 that there were gel coat problems with the boat.

10.  As a gratuitous accommodation, Post agreed to repair the boat's gel coat.  The terms of Post's offer to repair were set forth in two letters written to L&T's counsel, dated August 25, 2004 and September 2, 2004.

11.  This was the only agreement between the parties. L&T paid no consideration to bind this agreement.

12.  During the repair process, Todd Hamilton visited Post's factory to observe the repairs.  On or about July 15, 2005, after Post had spent 2,200 hours fixing the gel coat, Todd Hamilton ordered Post to cease repairing the boat and filed this suit.

13.  Post is entitled to summary judgment on Count I, Breach of Contract because no "contract" exists as a matter of law, because:  (1) the gratuitous promise to repair is not enforceable for lack of consideration; (2) all repairs were being made in accordance with the terms offered by Post, and to the extent L&T believed the scope of repairs was different, there was a mutual mistake; (3) L&T prevented performance of the repairs by ordering Post to stop work and return the boat; and (4) to the extent L&T claims the repairs were made under the terms of the limited warranty, the promise to repair is a remedy, and not a separate contract.

14. Post is entitled to summary judgment on Count IV, Breach of the Implied Warranty of Merchantability: (1) Because to the extent the promise to repair the boat is a "contract," it is a contract for services to which the Uniform Commercial Code does not apply and no implied warranty exists as a matter of law; or (2) because any implied warranty of merchantability (or fitness) was modified such that it has expired by its terms.

15. Post is entitled to summary judgment on Counts II and III, Negligent Misrepresentation and Fraudulent Misrepresentation, because there is no statement in Post's August 25, 2004 or September 2, 2004 letter that the repairs would be made "timely" or by a certain date and thus the letters cannot form the basis of an affirmative misrepresentation which induces reliance. Moreover it is black letter law that statements which are promissory in nature do not give rise to a misrepresentation claim.

16. With regard to Count V, Negligence, Post is entitled to Summary Judgment because to the extent that L&T has alleged the existence of a contract, a claim in negligence would be barred by the economic loss rule; and to the extent L&T takes the position that no contract existed, the operative standard for gratuitous repairs is gross negligence.  As Plaintiff has only alleged ordinary negligence, the claim cannot stand as a matter of law.

17. Lastly, an essential element of each of the claims (Breach of Contract, Negligent Misrepresentation, Fraudulent Misrepresentation, Breach of the Implied Warranty of Merchantability and Negligence) is that the Plaintiff must have suffered damages.

18. As more fully set forth in Post's Motion to Exclude Evidence, L&T can prove no damages.

19. This Court should enter summary judgment on the basis of improper venue since the dispute is between L&T, a Rhode Island corporation and Post, a New Jersey corporation, the

alleged contract between the parties to repair the boat was to be performed at Post's principal place of business in New Jersey, the boat's port of call is in Rhode Island, and because Plaintiffs have failed to satisfy the venue provisions of 28 USC § 1391.

WHEREFORE, Post Marine Co., Inc. requests that this Court enter summary judgment in its favor on all counts of the Complaint.

/s/ Howard M. Brown
Howard M. Brown, Esquire
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110
(617) 422-0200


SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile


By:   /s/ Michel O. Weisz
      Michel Ociacovski Weisz, Esquire
      Florida Bar No. 336939
Dated: June 1, 2007                Attorney for Post Marine Co., Inc.