UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11682MLW

| | |
|---|---|
| L & T YACHT SALES, INC. | ) |
| | ) |
|     Plaintiff, | ) |
| VS. | ) |
| | ) |
| | ) |
| POST MARINE CO., INC., | ) |
| | ) |
|     Defendant | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT POST MARINE CO., INC.'S MOTION TO EXCLUDE TESTIMONY, DOCUMENTS, EXPERT WITNESSES AND UNDISCLOSED WITNESSES**

Post Marine Company, Inc., pursuant to the provisions of LR 1.3[1] and in conjunction with this Court's May 30, 2006 Scheduling Order and the provisions of Fed. R. Civ. P. 37 and Fed. R. Civ. P. 26 requests this Court enter an order: (1) That Plaintiff be precluded from presenting any evidence relating to, or concerning any alleged or claimed damages suffered by Plaintiff; (2) That Plaintiff be precluded from calling any expert witnesses with respect to any issues in this lawsuit as a result of Plaintiff's failure to provide any expert witness disclosure as required by the scheduling order entered May 30, 2006[2]; (3) Prohibiting Plaintiff from calling at trial any witnesses not designated in Plaintiff's initial Rule 26(a)(1)(A) disclosures as Plaintiff

---

[1] Local Rule 1.3 provides, "Failure to comply with any of the directions or obligations set forth in, or authorized by, these local rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer."

[2] Paragraph 5 of the scheduling order provides: "Plaintiff(s) and/or counter-claim or third-party plaintiff(s) shall by December 15, 2006 designate experts and disclose the information described in Fed.R.Civ.P. 26(a)(2), concerning each expert."

has failed to supplement or vary the names of the individuals disclosed by Plaintiff; and/or (4) striking the Plaintiff's complaint and entering judgment in favor of the Defendant.

The grounds of this motion concern Plaintiff's complete disregard for the Scheduling Order entered by this Court and for its continued willful frustration of the discovery process by failing to produce documents requested or providing a prepared corporate representative to testify.

On or about May 30, 2006, this Court entered a Scheduling Order requiring that the parties make by June 9, 2006 the automatic disclosures required by local rules 26 (A), 35.1, and 26(B)(1) and (2). This Court further ordered that the Plaintiff, by December 15, 2006, designate experts and disclose information pursuant to Fed.R.Civ.P. 26(a)(2).

To date Plaintiffs have only designated Todd Hamilton, Ken Jensen, Composites One, LLC, Curran Composites, and Total Composites, Inc. These witnesses were designated in Plaintiff's May 24, 2006 disclosure and were not designated as knowledgeable concerning the damages allegedly suffered by Plaintiff. None of the witnesses were designated as "experts."

Also, on May 30, 2006 Defendant served a Request for Production of Documents on Plaintiff. Request No. 1 specifically requests "all documents that in any way relate to, will be relied on, or will be used by Plaintiff to in any way substantiate, demonstrate, establish or proof any damages which Plaintiff is asserting were suffered by it"[3]; Document request No. 5 asks for "any and all documents and/or records indicating any surveys or evaluations of the vessel performed by anybody for the benefit of or at the request of the Plaintiff at any time since

---

[3] In response to this request, on February 22, 2007, Plaintiff designated three letters: one dated August 6, 2004; one dated July 14, 2004; and one dated July 15, 2004 as the only documents related to any evidence of its damage claims. Copies of the three letters are attached hereto as composite Exhibit "D" to the motion.

Plaintiff owned the yacht"[4]; Document request No. 6 asks for "all reports or records of any and all inspections of the yacht by any entity which supports the allegations of paragraph 25 of Plaintiff's complaint."[5],[6]  A true and correct copy of the Request for Production is attached as

---

[4]  The documents produced were two of the three letters produced to request 1.

[5]  Paragraph 25 of Plaintiff's Complaint states: "After this two week vacation, Hamilton again traveled from Massachusetts to New Jersey and had the boat inspected by another yacht repair company who concurred with Hamilton's findings that the boat was not repaired correctly."

[6]  In response to this request, Plaintiff provided two letters dated October 14, 2005 from Onset Bay Marina and July 10, 2006 from the Hinckley Company.  Copies of these two letters are attached as composite Exhibit "E" to the motion.  Neither of those two letters indicate that the boat was inspected or that the inspectors "concurred" with Plaintiff's assertion that "the boat was not repaired correctly."  Instead, these two letters appear to be estimates, prepared at Plaintiff's request, providing a price to re-gelcoat the entire boat.

3

Exhibit "C" to the motion.

Thereafter, on or about March 27, 2007, Post noticed for deposition L&T Yacht Sales, Inc. by and through its corporate representative pursuant to Fed.R.Civ.P. 30(b)(6).[7]

In the notice, Post designated the areas as to which the corporate representative must be competent to testify. Those areas were:

1. All communications between Plaintiff and Defendant Post.

2. All facts surrounding the allegations of Plaintiff's complaint, including but not limited to the formation of any contracts; the purchase of the yacht; any documents associated with the purchase of the yacht; any work or repairs performed on the yachts; any communications with any third parties concerning any work performed on the yacht or with any problems on the yacht; the manner of service of process or other notification to Defendant of the pending complaint; the damages the Plaintiff claims.

---

[7] Fed.R.Civ.P. 30(b)(6) provides:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

      3.      Any factual matters concerning the affirmative defenses.

A true and correct copy of the notice of taking deposition is attached as Exhibit "F" to the motion (emphasis added).

Here, Plaintiff alleges that Defendant did not repair Plaintiff's boat as it promised to. As a corollary, Plaintiff asserts that those repairs which were performed, were performed inadequately. Thus, the expert witness disclosures, request for production, and designated areas in the notice of taking deposition were specific and tailored to elicit the alleged deficiency in the repairs performed by Post, and the alleged damages suffered by L&T.

Despite the request for production, notice of taking deposition, and orders of court, L&T has failed to comply with its discovery obligations and this Court's scheduling order.

First, Plaintiff has designated no experts or produced any records indicating that any of the work Defendant did on the boat was improper, deficient or defective. The only evidence Plaintiff has offered, are estimates of two facilities which prepared estimates at Plaintiff's request as to the cost of re-gelcoating the entire boat. The estimates do not indicate that the boat was inspected, that Post's repairs were inadequate or improper or that the entire boat needed to be re-gelcoated. As these entities are not designated as "experts" the letters themselves are inadmissable hearsay.

Despite the foregoing, it has come to Defendant's attention that L&T may call additional expert witnesses to testify on the damage and quality of repair issues.8 This is in derogation of this Court's scheduling order and would result in prejudice to the Defendant. *See, Freund v. Fleetwood Enterprises, Inc*., 956 F.2d 354 (1st Cir. 1992). There a plaintiff designated an expert

---

8 This assumption is based on Mr. Hamilton's deposition testimony in which he refers to additional, previously undisclosed individuals who "saw" the boat or provided "repairs" to the

witness and the matters over which he would testify, but did not supplement such areas until the eve of trial. The court held that exclusion of the expert's testimony concerning the non-supplemented areas was appropriate since it was not seasonably supplemented, and would result in prejudice to the opposing party.

With regard to the deposition of L&T's corporate representative, L&T designated Todd Hamilton. However, Mr. Hamilton was wholly unprepared to testify. For example, when Mr. Hamilton was questioned about the facts surrounding the sale and purchase of the boat , he had no answer for multiple questions.

> Q. Where did the closing take place?
> A. You know, I don't know, That documentation or whatever, the registration people handled most of the stuff.
> P. 10, ln. 21-23, p. 11, ln. 1.
>
> Q. Does the boat have a mortgage?
> A. I believe it does.
> P. 11, ln. 6-7
>
> Q. Do you know if sales tax was paid?
> A. I have no idea how the documentation was handled with the corporation.
> P. 11, ln 13-14

Mr. Hamilton similarly had no response when questioned on the issues of damages.

> Q. Okay. What damages are you claiming in this lawsuit?
> A. The loss of the sale of the boat and the damages to repair it and the carrying cost.
>
> Q. Okay. How much do you claim for the loss of the sale of the boat.
> A. I'd have to sit down and figure it out now that it's been three years.
>
> Q. Okay. Do you have an estimate?
> A. I don't. I haven't really sat down; no one has asked me to sit down and put a number together yet.

---

boat. *See,* Depo. of Todd Hamilton, pp. 20-23, 34-36, 63, 66.

        P. 22, ln. 4-16.

        Q. How much is the value of the work that has been done?
        A. I don't know. They didn't break it down in sections. I would have to ask them to come out and redo the estimate for the section.
        P. 23, ln. 6-10.

        Q. How much have you paid?
        A. Oh, I don't know exactly to date with materials and stuff. I could get it for you.

        Q. What are you claiming are the carrying costs?
        A. Again, I'd have to sit down and figure out what my costs are to carry it.
        P. 23, ln. 14-19.

Finally, Mr. Hamilton revealed he had not done anything in order to prepare for his deposition.

        Q. Did you do anything today to prepare for today's deposition?
        A. No.
        Q. Did you review the complaint?
        A. No.
        Q. Did you review any documents?
        A. No.
        Q. Did you review the notice of taking deposition?
        A. No.
        Q. Did you review the complaint?
        A. No.
        Q. Have you ever read the complaint?
        A. I probably have at one point a long time ago.

    P. 13, ln. 18-23, p. 14, 6.

In *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co.*, Inc., 201 FRD 33 (D.Mass.2001) the court held that representatives of a corporation designated to testify, must prepare themselves concerning the designated subject matters in order to prevent "sandbagging." Id. at 36. "The [designated corporate representatives] could have, and indeed were obligated to, review all corporate documentation that might have had a bearing on the 30(b)(6) deposition topics." Id. at 37. There, the designated corporate representatives, like Mr. Hamilton, wholly

failed to review any documentation in order to educate themselves about the subject matters noticed for deposition.

The court held that "Without having a witness or witnesses who can testify so as to bind the corporation, the deposing party is left at an unfair disadvantage, having no understanding of what the corporation's position is as to many areas of inquiry." *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co.*, Inc., 201 FRD at 37.

The court further held that "'[p]roducing an unprepared witness is tantamount to a failure to appear at a deposition.'" *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co.*, Inc., 201 FRD at 39, *quoting Starlight Int'l v. Herlihy*, 186 FRD 626, 639 (D.Kan.1999).

Todd Hamilton who is the chief officer of L&T Yacht Sales and was the corporate representative designated to testify, wholly failed to prepare himself concerning a litany of designated subject areas in derogation of his duties under the Federal Rules of Civil Procedure, including issues related to venue, the purchase and sale of the boat, and damages, has engaged in "sandbagging" and has unfairly prejudiced Post so that it cannot adequately prepare for trial.

Further, the May 30, 2006 scheduling order required pre-trial disclosures be made and experts be disclosed.  In *Goldman, Antonetti, Ferraiuoli & Hertell v. Medfit International, Inc.*, 982 F.2d 686 (1st Cir. 1993) the court held that striking of a party's pleadings pursuant to Rule 37 is appropriate if a party fails to obey a scheduling order entered pursuant to Rule 16.  There, one party failed to appear at a scheduled pretrial and settlement conference, failed to prepare a pretrial order, and otherwise failed to comply with the court's orders.  The court dismissed the party's counterclaims and cross claims.  The First Circuit held that the "sanction of dismissal 'must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to

such conduct in the absence of such a deterrent." *Id*. at 692, *quoting National Hockey League v. Metropolitan Hockey Club*, 427 US 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

Based on all of the foregoing, dismissal of L&T's complaint is appropriate.

Alternatively, to the extent Plaintiff claims that any of the work actually done by the Defendant was deficient or defective, Plaintiff's failure to provide any expert analysis or report concerning this allegation, prevents the introduction of any such evidence at trial.[9] Post is entitled to have the witnesses who will testify on L&T's behalf limited to those already designated: Todd Hamilton, Ken Jensen, Composites One, LLC, Curran Composites, and Total Composites, Inc.    In light of the foregoing, Defendant requests this Court enter an order limiting the Plaintiff's witnesses to those contained in the initial disclosure, that no evidence be permitted with respect to any alleged damages suffered by plaintiff and that no expert witnesses be permitted to testify for Plaintiff. In the alternative Post requests this Court enter an order striking the Plaintiff's complaint.

WHEREFORE, Defendant Post Marine Co., Inc. requests this Court enter an order (1) That Plaintiff be precluded from presenting any evidence relating to, or concerning any alleged or claimed damages suffered by Plaintiff; (2) That the Plaintiff be precluded from calling any expert witnesses with respect to any issues in this lawsuit as a result of Plaintiff's failure to provide any expert witness disclosure as required by the scheduling order entered May 30, 2006; (3) Prohibit the Plaintiff from calling at trial any witnesses not designated in Plaintiff's initial

---

[9] As a further example of Plaintiff's willful disobedience of its obligations, Plaintiff's counsel produced a CD containing photographs of the boat at the May 4, 2007 status conference. This was after the discovery deadline had passed, after Plaintiff had been deposed and after Plaintiff testified at his deposition that no "good" photographs were available. See, Deposition of Todd Hamilton, p. 21, ln. 15-18.

Rule 26(a)(1)(A) disclosures as Plaintiff has failed to supplement or vary the names of the individuals disclosed by Plaintiff; (4) striking the Plaintiff's complaint.

           /s/ Howard M . Brown
           Howard M. Brown
           BBO #547948
           Bartlett Hackett Feinberg P.C.
           155 Federal Street, 9th floor
           Boston, MA 02110


           SEGREDO & WEISZ
           9350 South Dixie Highway
           Suite 1500
           Miami, Florida 33156
           (305) 670-3820 Telephone
           (305) 670-8230 Facsimile


           By:   /s/  Michel O. Weisz
           Michel Ociacovski Weisz, Esquire
           Florida Bar No. 336939

Dated June 1, 2007           Attorney for Ocean Yachts, Inc.