UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L & T YACHT SALES, INC.  )  <br> ) <br> Plaintiff,  ) <br> VS.  ) <br> ) <br> ) <br> POST MARINE CO., INC.,  ) <br> ) <br> Defendant  ) | **C.A. No. 05-11682MLW** |

**DEFENDANT POST MARINE CO., INC.'S REPLY TO L&T YACHT SALES, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY, DOCUMENTS, EXPERT WITNESSES AND UNDISCLOSED WITNESSES**

On or about June 1, 2007 Post Marine Company, Inc. ("Post"), pursuant to the provisions of LR 1.3 ("Sanctions"), in conjunction with this Court's May 30, 2006 Scheduling Order, the provisions of Federal Rule of Civil Procedure 37 ("Failure to make disclosure or cooperate in discovery; sanctions"), and Federal Rule of Civil Procedure 26 ("General provisions governing discovery; duty of disclosure"), requested that this Court enter an order: (1) That Plaintiff L&T Yacht Sales, Inc. ("L&T") be precluded from presenting any evidence relating to, or concerning any alleged or claimed damages suffered by Plaintiff; (2) that the Plaintiff be precluded from calling any expert witnesses with respect to any issues in this lawsuit as a result of Plaintiff's failure to provide any expert witness disclosure as required by the scheduling order entered May 30, 2006; and (3) prohibit the Plaintiff from calling at trial any witnesses not designated in Plaintiff's initial Rule 26(a)(1)(A) disclosures as Plaintiff has failed to supplement or vary the names of the individuals

-1-

disclosed by Plaintiff.

The grounds of the motion were that on May 30, 2006, this Court entered a scheduling order setting forth the applicable time lines and mandating dates by which certain events were to occur, including compliance with the disclosure requirements of Fed.R.Civ.P. 26 and the disclosure of expert witnesses and reports. Defendant's position is that Plaintiff's conduct is sanctionable since the Plaintiff has willfully ignored the deadlines imposed by this Court and has failed to participate in discovery in good faith.

As more fully set forth in Defendant's motion and incorporated memorandum of law, Plaintiff has failed to produce documents required by Fed.R.Civ.P. 26(a)(1)(C) relating to damages[1] and pursuant to a valid request for production (either because such documents do not exist or to the extent they may exist were deliberately withheld), has failed to produce a witness capable of testifying concerning certain subject matters (and specifically the issue of damages) despite a validly issued notice of taking deposition, and has failed to designate experts and disclose the information required by Fed.R.Civ.P. 26(a)(2) and this Court's scheduling order.[2]

Further, the Scheduling Order stated that "[a]ll discovery shall be complete by April 1, 2007."

---

[1] The May 30, 2006 scheduling order required Plaintiff to comply with the damage disclosure requirement of Fed. R. Civ. P. 26(a)(1)(C) by June 9, 2006. (The scheduling order mandates compliance with LR 26.2 (A) which requires compliance with Fed. R. Civ. P. 26(a)). No disclosure was made by Plaintiff. The scheduling order also required that Plaintiff provide a sworn statement by June 9, 2006, in accordance with LR 26.1(B)(1), itemizing all damages suffered by Plaintiff. No such statement was provided.

[2] The scheduling order required Plaintiff to disclose its expert witness and reports by December 15, 2006 and permitted Defendant to present opposing reports by February 1, 2007. As Plaintiff disclosed no experts and produced no reports, Defendant produced no "rebuttal."

At the scheduling conference held on May 4, 2007, this Court stated that discovery was closed, and no further discovery would be permitted.

Once discovery was closed, Defendant filed its motion for sanctions.

Plaintiff has not addressed its discovery misconduct at all. Rather than respond to Defendant's substantive arguments on the issue of sanctions, Plaintiff has attempted to justify its repeated failures through blame and burden shifting. On the very first page of its opposition Plaintiff states: "[a]s grounds [in opposition] therefore, the Plaintiff states: It is disingenuous for the Defendant in this action to complain or protest about the conduct of discovery in this matter and then attempt to use the same to[sic] a basis to exclude evidence." Plaintiff's opposition at 1. Plaintiff's primary ground for opposing requested sanctions is its allegation that Defendant "failed" to provide requested discovery.[3]

Plaintiff cannot stave off the imposition of sanctions on this ground. Plaintiff supports its "position" that Post is not entitled to sanctions, by (1) citing to a number of answers that Post filed in response to Plaintiff's first set of interrogatories, contending that the answers were evasive and non-responsive; (2) by asserting that numerous discovery requests were not responded to;[4] and (3)

---

[3] Ironically, under the provisions of LR 26.2 (A) Plaintiff was precluded from initiating any discovery by virtue of its failure to provide the initial disclosures mandated by Fed. R. Civ. P. 26(a). LR 26.2 (A) states:

[4] In reality Post responded to the discovery requests at issue by objecting to them. In its Objections to Plaintiff's First Set of Interrogatories Propounded to Post Marine Co., Inc. Post objected generally to all of the interrogatories stating:

1.  As a general objection to all interrogatories, Post Marine states that this set of interrogatories is designed specifically for the purpose of harassing Defendant Post Marine Co., Inc. Most of the matters on which questions are asked, are irrelevant to any issue in this claim, cannot lead to discoverable evidence, and are propounded solely for the purpose of harassment.

by pointing to a letter written by Plaintiff's counsel on May 1, 2007, after the close of discovery.

Plaintiff's opposition states as follows:

> Finally and very importantly, said May 1 written communication from Plaintiff's legal counsel to Defendant's legal counsel (received by facsimile of May 1) specifically called attention to interrogatory questions asked of Defendant exactly nine (9) months earlier.
>
> "(23-24) These questions reasonably ask for your client to identify all non-expert and expert witnesses it intends to call at trial as well as summaries of anticipated testimony and expert qualifications if applicable. Your client's recent answer to both these questions was "undetermined."
>
> Although my client has received no similar interrogatories request from Post, I reasonably suggest in good faith, that before the scheduling conference on May 4th, you and I exchange by facsimile delivery a complete list of non expert and expert witnesses we intend to call at trial on behalf of our clients."
>
> Defendant, in bad faith did not respond to Plaintiff's invitation to exchange non-expert and expert witness lists in the spirit of openness and cooperation. Yet on June 1, Defendant has the audacity to seek by motion, to limit Plaintiff's calling of witnesses.

Plaintiff's opposition at 6.

This is a disingenuous and a red herring. Plaintiff was asking Defendant to "cooperate" in discovery one month after the discovery deadline passed, four and one-half months after Plaintiff

---

2. As a second objection, Defendant states that the Rules of Civil Procedure permit the asking of 25 interrogatories, including all discrete subparts. Plaintiff has exceeded this limit, as nearly every interrogatory has at least one discrete subpart, and most questions ask for multiple responses.

Post objected specifically to interrogatories 12-17 on the basis of relevancy, overbreadth, and materiality; and to interrogatories 19 and 21 on the grounds they called for a legal conclusion.

Post specifically stated in its Objections to Plaintiff's First Request for Production if Documents to Post Marine Co., Inc. that: "Defendant objects to Request. Nos. 7, 8, 9, 25, 26, 27 on the basis of relevancy, overbreadth, materiality, and undue burden."

failed to provide expert disclosures mandated by the scheduling order, eleven months after Plaintiff failed to provide damages disclosures required by Fed.R.Civ.P. 26(a)(1) and a sworn statement of damages required by LR 26.(1)(B)(1). Notwithstanding the foregoing, Plaintiff continues to refuse to provide this information in response to a discovery request, by failing to provide a corporate representative to testify pursuant to a rule 30(b)(6) deposition notice as to damages.

If Post's conduct in discovery were as egregious as Plaintiff believes, there were a variety of avenues Plaintiff could have pursued. Fed.R.Civ.P. 37 provides that a party may file a motion to compel (1) for failure to answer interrogatories, or for answering interrogatories in an evasive or incomplete manner; (2) for a deponent's failure to answer a question; or (3) for the failure to produce requested documents. *See*, Fed.R.Civ.P. 37(a)(2) and (3). Plaintiff did nothing. Post stands by its position that its discovery responses were complete and accurate,[5] but even assuming *arguendo* that Post's responses were incomplete, L&T cannot neglect to file a motion to compel and then use its failure as grounds to support its own misconduct during discovery or to evade the imposition of sanctions for failing to provide court-ordered discovery. Should L&T wish to seek similar sanctions as Post now seeks, it is free to do so.

L&T's reliance on the May 1, 2007 letter about the exchange of expert reports is unavailing. Basically, L&T is blaming Post for not producing documents L & T was required to produce.

It is L&T's burden to prove each of the elements in its case, including the damages allegedly suffered. *See generally, New York, New Haven & Hartford Railroad Co. v. Seaboard Sales Corp.*, 258 F.2d 376, 378 (1st Cir.1958). Defendant has not filed any counter-claims and has no need or

---

[5] The interrogatories and requests for production Plaintiff cites as "unanswered" were in fact objected to.

obligation to prove damages. Moreover, this is not a simple "breach of contract" or "money owed" case. The "damages" suffered by Plaintiff are based specifically on the injury it "suffered" if Post failed to repair the boat as Post offered to do. However, the repair agreement was a gratuitous accommodation.[6]

It is Plaintiff's burden to provide the evidence it relies on in discovery, irrespective of any claimed "deficiencies" in Post's responses to discovery requests. At L&T's deposition, Todd Hamilton, its designated representative, was wholly unable to testify concerning any amount of damages suffered by L&T despite a proper designation in the notice of taking deposition. Incredibly, when asked about damages he stated "no one asked me" to prepare to testify about damages despite specific notice in the Rule 30(b)(6) deposition notice that the corporate representative would be examined about the damage claim. *See*, deposition of Todd Hamilton, p. 23, ln. 18-19.

The only "damage" evidence submitted thus far are three letters produced in response to a request for production. Those letters: (1) are hearsay; (2) do not assert that Post's repairs were deficient but are merely estimates created at Plaintiff's request to price the cost of re-gelcoating the

---

[6]L&T could not have suffered diminished value to the boat because the repairs made would add value to the boat. *See, generally, Given v. Commerce Ins. Co.*, 440 Mass. 207, 796 N.E.2d 1275 (2003).

Since there was nocontract, there can be no benefit of the bargain damages which must be proved with reasonable precision. *See, See, generally, Doering Equipment, Co. v. John Deere, Co.*, 61 Mass. App. Ct. 850, 856, fn. 6 at 857, 815 N.E.2d 234 (Mass.App.Ct. 2004*); see also, Hurwitz v. Prime Communications, Inc.,* 1994 WL 561864 (Mass.Super. 1994).

L&T's "damages" are also not attributable to Post because L&T did not allow Post to complete the repairs by virtue of the fact it ordered Post to stop repairing the boat. *See, generally, Frank Fitzgerald Inc. v. Pacella Bros, Inc*., 2 Mass. App. Ct. 240, 242, 310 N.E.2d 379 (1974).

entire boat; and (3) were not submitted as expert testimony. Thus they are irrelevant and inadmissible.

Having failed to (1) produce documents required by Fed.R.Civ.P. 26 and this Court's scheduling order; (2) produce evidence it was obligated to produce pursuant to a request for production, (3) produce a corporate representative capable of testifying on the damages issue, and (4) produce an expert and expert report in compliance with this Court's scheduling order and the Federal Rules of Civil Procedure, Plaintiff has no basis to seek to introduce such evidence at trial.

Based on the foregoing, the statements made in the May 1, 2007 letter that both sides should "agree" to exchange expert witness lists and disclosures <u>after discovery was closed by order of Court</u> were not made "in good faith." Since the repairs were gratuitous, and ceased at Plaintiff's direction, Plaintiff did not suffer damages as a matter of law. Further, despite this Court's scheduling order and Defendant's repeated attempts to discover the basis for Plaintiff's damages, L&T has continually failed to produce any evidence to support its claim. Defendant was under no obligation to find an expert to proffer testimony in an attempt to "rebut" damages that the Plaintiff did not first establish by way of evidence or expert reports.

Defendant's counsel was also under no obligation to "agree" to permit the filing of expert witness disclosures out of time and in contravention of this Court's order. This is especially true because doing so would have necessitated the hiring of an expert by Defendant and conducting discovery months after the discovery cut-off and without permission from the Court.

Plaintiff's statement that "Defendant's own President, Kenneth Jensen, has already done such a good job testifying under oath as to a significant dimension of L&T's damages" is equally misleading. *See*, Plaintiff's opposition, p. 6.

Plaintiff cites to Kenneth Jensen's testimony that Post has sued the gel coat manufacturer for approximately $225,000 per boat, and that Post has spent approximately 1,890 hours of repair on Mr. Hamilton's boat. *See*, Plaintiff's opposition, p. 7.

What Plaintiff fails to discern is that the time and materials spent repairing the boat in this case were provided to L&T as a gratuitous accommodation. Thus Mr. Jensen's testimony <u>does not</u> support L&T's claim for <u>damages</u>. Instead it supports <u>the benefit</u> L&T has <u>already received</u>.[7] *See, generally, Given v. Commerce Ins. Co.*, 796 N.E.2d 1275 (Mass. 2003).

In light of the foregoing, and in recognition of L&T's improper blame- and burden-shifting, it is clear that Plaintiff's opposition is wholly inapposite to the issues before the Court. Plaintiff offers no justification for not fully and timely providing discovery information mandated by the Federal Rules of Civil procedure and this Court's scheduling order. Pursuant to the provisions of LR 1.3 ("Sanctions"), in conjunction with this Court's May 30, 2006 Scheduling Order, the provisions of Federal Rule of Civil Procedure 37 ("Failure to make disclosure or cooperate in discovery; sanctions"), and Federal Rule of Civil Procedure 26 ("General provisions governing discovery; duty of disclosure"), it is requested that this Court enter an order that: (1) that Plaintiff be precluded from presenting any evidence relating to, or concerning any alleged or claimed damages suffered by Plaintiff; (2) that the Plaintiff be precluded from calling any expert witnesses with respect to any issues in this lawsuit as a result of Plaintiff's failure to provide any expert witness disclosure as required by the scheduling order entered May 30, 2006; and (3) prohibiting the Plaintiff from calling at trial any witnesses not designated in Plaintiff's initial Rule 26(a)(1)(A) disclosures as Plaintiff has failed to supplement or vary the names of the individuals disclosed by

---

[7] Additionally, it supports the damages Post is seeking from the gel coat manufacturer.

Plaintiff.

WHEREFORE, Defendant requests that the Court, at a minimum, impose the following sanctions: (a) precluding Plaintiff from offering evidence from any person not listed in the Plaintiff's pretrial disclosure; (b) ordering that no evidence of Plaintiff's damages be admitted; (c) ordering that no evidence concerning the workmanship of the Defendant as to the repairs it performed be permitted by way of opinion or expert testimony.

In addition, Defendant requests that this Court consider dismissing Plaintiff's complaint for failure to comply with the provisions of the Scheduling Order to such an extent that the Defendant has been prejudiced to the point where it cannot properly defend the case, or in the alternative, on grounds that Plaintiff cannot prove the two essential elements of its claims – damages and liability.

/s/ Howard M . Brown
Howard M. Brown
BBO #547948
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110
(617) 422-0200


SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile


/s/  Michel O. Weisz
Michel Ociacovski Weisz, Esquire
Florida Bar No. 336939

Dated: June 25, 2007

Attorney for Ocean Yachts, Inc.