UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
DOCKET NO. 05-11682

| | |
|---|---|
| L & T YACHT SALES, INC. </br>         PLAINTIFF, </br> </br> VS. </br> </br> POST MARINE, INC. </br>         DEFENDANT | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S, MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY, DOCUMENTS, EXPERT WTINESSES AND UNDISCLOSED WITNESSES**

Plaintiff, L & T Yacht Sales, Inc., ("L & T") hereby opposes Defendant's above-referenced Motion. The basis for Plaintiff's opposition encompasses the following:

(1) Defendant's said motion seeks leave to file a second, redundant and superfluous memorandum in support of its original Motion to Exclude filed on June 1, 2007. Said motion was accompanied by a Memorandum of Support also filed on June 1, 2007. Plaintiff, in a timely manner, filed its Opposition to said motion on June 15, 2007. Ten days later on June 25, 2007, Defendant filed the above-captioned motion seeking leave to file what is essentially, a second memorandum in support of the original motion filed on June 1, 2007.

(2) Defendant's aforementioned second memorandum is named by Defendant as both a Reply Brief in Support of its Motion to Exclude and a Reply to L & T's Yacht Sales, Inc's Opposition. Whatever it is named, it was improperly filed as a separate document from

1

Defendant's Motion for Leave to File. The "second memorandum" should have been filed as an Exhibit and attached to the Motion for Leave to File. This was either an inadvertent error by Defendant, or an attempt by Defendant to effect it's "second memorandum" becoming part of the docket/record before the Court has the opportunity to review Defendant's Motion for Leave to File and Plaintiff's Opposition. The "second memorandum" at this point, should not be considered part of the official record.

(3) Defendant states in its Motion for Leave to File a "second memorandum" that the same "will assist the Court in deciding the motion" (meaning Defendant's original Motion to Exclude filed on June 1). The Court does not need Defendant's assistance at this point in evaluating the merits of Defendant's supporting memorandum filed on June 1 and Plaintiff's Opposition filed on June 15. The documents speak for themselves and the Court is quite capable of reviewing them, understanding them and thereafter rendering its decision based upon them. As an example Defendant appears to believe that Defendant's neglect of its discovery obligations is irrelevant to its June 1 Motion to Exclude. Plaintiff has expressed its disagreement. There is no need for further memoranda to enable the Court to evaluate this point and others in coming to its decision on the merits, relative to the June 1 Motion to Exclude.

(4) Plaintiff believes that the Court has already received into its case record, via exhibits filed by both Plaintiff and Defendant, copies of interrogatories, requests for admissions and requests for production of documents reciprocally propounded as well as copies of the responses to said discovery requests. The Court has also received into its record via exhibits, copies of

actual deposition transcripts, again furnished by both parties; cross-referencing testimony referred to within Defendant's first supporting memorandum and Plaintiff's Opposition thereto. Enough is enough! These questions, answers and deposition transcripts speak for themselves. In the event the Court believes that certain interrogatories, requests for admissions, requests for production of documents, responses to them or deposition transcript pages are missing from the record AND that they are necessary to enable the Court to decide Defendant's June 1 Motion to Exclude on its merits, then Plaintiff will gladly comply with any request by the Court, to furnish copies of specified discovery and response documents. The Court has no need of a second set of memoranda from the parties telling the Court or explaining to the Court what the discovery responses say.

(5) Defendant has graciously acknowledged that Plaintiff is "free to seek leave to submit an additional memorandum." Defendant is attempting to set up a quasi-scheduling calendar for a second set of memoranda which are completely unnecessary. This is also an attempt to divert attention away from the current briefing schedule which **was set and ordered by the Court** (emphasis added) relative to the cross summary judgment motions, i.e. response briefs (July 13), reply briefs (August 3) and hearing (September 7).

Plaintiff respectfully requests for all of these reasons, that Defendant's Motion for Leave to File a Reply Brief or second memorandum, in support of its June 1 Motion to Exclude, be denied.

Respectfully submitted,
The Plaintiff,
By its Attorneys,

*/s/ John E. Zajac*

John E. Zajac, Esquire BBO # 560195
CARMICHAEL, ZAJAC & FLEURY, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552

### CERTIFICATE OF SERVICE

I, John E. Zajac, Esquire this 9th day of July, 2007 have given notice of the within Plaintiff's Opposition to Defendant's Motion for Leave to File Reply Brief in Support of Motion to Exclude Testimony, Documents, Expert Witnesses and Undisclosed Witnesses, by e-mail service, via the Court's CM/ECF system which sent notification of such filing to Howard M. Brown, Esquire, Bartlett Hackett Feinberg P.C., 155 Federal Street, 9th floor, Boston, MA 02110 and by regular mail, postage pre-paid to Michel O. Weisz, Esquire at 9350 S. Dixie Highway, Miami, FL 33156.

*/s/ John E. Zajac*
John E. Zajac, Esquire