UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11682MLW

| | |
|---|---|
| L & T YACHT SALES, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| POST MARINE CO., INC., | ) |
| | ) |
| Defendant | ) |

**Defendant's Motion to Strike Reply Memorandum or, in the Alternative,
for Leave to File Sur-Reply Memorandum**

Defendant Post Marine Co., Inc. ("Post") hereby moves to strike the reply memorandum[1] filed by Plaintiff L & T Yacht Sales, Inc. ("L & T") on August 3, 2007 without seeking leave of Court. As grounds, Post states as follows:

1.   Local Rule 7.1 provides for the filing of a motion and supporting memorandum, as well as an opposition. The rule further states that "other papers not filed as indicated in subsections (B)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." L & T did not seek leave of court to file its reply brief.

2.   In addition, the reply brief contains a number of factual misstatements and incorrect legal arguments. For example, on the key issue of whether the alleged agreement upon which L & T relies was merely a gratuitous undertaking (as Post contends) or was supported by

---

[1] The pleading is styled as "Plaintiffs' Reply Memorandum in Response to Defendant's Memorandum of Law Opposing Plaintiff's Motion for Partial Summary Judgment."

-1-

consideration (as L & T claims), L & T cites *Neuhoff v. Marvin Lumber and Cedar Co.*, 370 F.3d 197 (1st Cir. 2004) and claims that *Neuhoff* supports its argument.

      3.      To the contrary, in *Neuhoff* the First Circuit specifically held that, in circumstances similar to those in the instant case, the plaintiff's "breach of contract claim fails because Marvin's alleged promise to repair lacked consideration." 370 F.3d at 201. Rejecting the plaintiff's argument that forbearance from asserting a legal claim constituted consideration, the First Circuit noted that while "it is well-settled that 'abandonment of a claim believed to be well founded ... is the surrender of a thing of value and is a sufficient consideration for a contract,'" in contrast "[m]ere forbearance to sue a claim, without any promise either in express terms or by fair implication from all of the circumstances, does not form sufficient consideration...." *Id*. at 202. In this case, as in *Neuhoff*, "the record shows that the alleged promise to replace all of the windows was not given to induce the Neuhoffs to relinquish a claim against Marvin." *Id*.

      4.      In the event that the Court does not strike L & T's reply memorandum, Post requests leave to file a sur-reply memorandum dealing with the points raised by L & T in its reply memorandum.

/s/ Howard M . Brown
Howard M. Brown
BBO #547948
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110
(617) 422-0200


SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile


/s/  Michel O. Weisz
Michel Ociacovski Weisz, Esquire
Florida Bar No. 336939

Dated: August 9, 2007

Attorney for Post Marine Co., Inc.