UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
C.A. No. 05-11682MLW

| | |
|---|---|
| L & T YACHT SALES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| VS. | ) |
| | ) |
| | ) |
| POST MARINE CO., INC., | ) |
| | ) |
| Defendant | ) |

**DEFENDANT POST MARINE, CO. ,INC'S CORRECTED SUR-REPLY BRIEF**

Pursuant to the Court's order dated August 10, 2007, Defendant Post Marine Co., Inc. ("Post") hereby responds to the reply brief of Plaintiff L & T Yacht Sales, Inc. ("L & T"). This corrected brief is intended to replace the sur-reply brief filed on August 23, 2007.[1]

L&T is the owner of an out-of-warranty boat which requested the boat manufacturer, Post, to fix a problem with the boat's gel coat. The gel coat was manufactured by Cook Composites & Polymers and is not covered by Post's written limited warranty.

Prior to any repairs being made, Post's attorney wrote a letter dated August 25, 2004 to L&T's attorney and specified what repairs would be made and how they would be made. Post stated it would strip the gel coat from the "affected areas" and apply new gel coat. The letter also stated specifically, in two places, that the repairs were being made gratuitously. Although in its papers L&T references an August 17, 2004 letter from its attorney to Post "threatening a lawsuit," *that letter*

---

[1] After filing the sur-reply brief, counsel realized that the brief mistakenly stated that the August 17, 2004 letter from L & T's counsel was not included in the summary judgment record. In fact, as noted below, the letter is attached as Exhibit "A" to Post's request for admissions, which is in turn attached as Exhibit "K" to Post's statement of material facts, filed with the Court on June 1, 2007. This brief corrects that mistake.

*is not part of the record.*[2] *It has never been filed or identified at a deposition or attached to an affidavit.*

In any event, there is nothing in the August 17, 2004 letter which constitutes "abandonment of a claim" or an express promise of forbearance, which *Neuhoff v. Marvin Lumber and Cedar Company*, 370 F.3d 197, 2002 (1st Cir. 2004) makes clear is required to constitute consideration. Thus L & T has failed to establish the existence of a triable issue of fact on the key question of whether there was consideration to support the alleged agreement to repair.

Nor does the letter from Post's attorney request forbearance, a release, or settlement or any other consideration for the repairs. Post has sued the gel coat manufacturer for the costs it has incurred in repairing the defective gel coat. In an irony lost on Plaintiff, Plaintiff attaches Post's response to interrogatories from that lawsuit. As is plain to see, Post is repairing all affected boats gratuitously and in the same manner. The interrogatory answers specifically identify L&T's boat (under the name "Todd Hamilton"). The answers state that Mr. Hamilton's boat was repaired with gel coat manufactured by Interplastics (not 953 gel coat as is suggested) and that the repairs consisted of stripping the "effected" areas and reapplying gel coat.

After 2,200 hours of repair work performed without cost to L&T, L&T complained that the repairs were inadequate and directed Post to cease making repairs. Prior to L&T directing Post to cease making repairs, L&T had already filed its complaint asserting a litany of causes of action sounding in contract, tort, and warranty essentially asserting that it believed Post was obligated to strip all the gel coat off the entire boat and re-gel coat the entire boat.. Nowhere in the pre-suit correspondence did L&T ever take issue with the scope of repairs to be made (repairing affected

---

[2] As noted above, the August 17, 2004 letter is attached as Exhibit "A" to Post's request for admissions, which is in

2

areas of the gel coat as opposed to replacing the boat's entire gel coat).

Discovery was completed in the matter April 1, 2007 by operation of this Court's scheduling order. At the scheduling conference held on May 4, 2007, this Court stated that discovery was closed, and no further discovery would be permitted. As part of the discovery that was conducted, Post requested all documents and records concerning "consideration" and separately, all documents and records concerning "damages". L&T responded that there were no documents or records supporting consideration to bind any agreement to repair the boat, (which presumably includes the Aug. 17, 2004 letter from its attorney that it now refers to but which is not part of the record).

As set forth more fully in Post's motion to exclude evidence of damages and supporting memorandum of law, despite this Court's Scheduling Order, despite taking nine months (from the date of service on May 30, 2006 until a response was filed on February 22, 2007) to respond to a request for production of documents, and despite a proper Notice of Taking Deposition designating the specific areas upon which inquiry would be conducted, L&T has consistently and categorically failed to provide any evidence supporting any claim for damages.

At the close of discovery, Post timely filed its motion for summary judgment. This motion was set forth on alternative grounds. First, that there was no contract because there was no consideration, as all repairs were performed gratuitously. Second, because there was no "meeting of the minds" as Post only agreed to fix the affected areas and L&T claims it expected Post to strip the entire boat.

Alternatively, even if there was a binding contract, Post is entitled to summary judgment on each of the alleged causes of action. Lastly, irrespective of whether a contract existed or not,

---

turn attached as Exhibit "K" to Post's statement of material facts, filed with the Court on June 1, 2007.

Post is entitled to judgment because L&T has not offered any evidence of damages.

L&T then filed its own motion for summary judgment. Its motion for summary judgment narrowed the issues to three specific breaches: (1) that Post repaired only the affected areas of the boat (as opposed replacing the boat's entire gel coat); (2) that Post used the same defective gel coat (series 953 gel coat manufactured by Cook Composites and Polymers) to fix the boat; and (3) that the repairs took more than four months.

In its reply memorandum, L&T continues to emphasize that consideration exists to bind the agreement, that there has been no mutual mistake, that the repairs were made in an unworkmanlike manner and for the first time argues that the terms of the August 25, 2004 letter are ambiguous, creating a disputed issue of material fact incapable of being decided on motion for summary judgment.

L&T's argument fails as a matter of law because it loses sight of the proverbial forest for the trees.  The existence of consideration is not a material issue of fact in dispute because there is no evidence to support any consideration.[3]  This is because there is no evidence Post undertook the repairs *in exchange* of abandonment of a claim. "It is well settled that '*abandonment* of a claim believed to be well founded... is the surrender of a thing of value and is a sufficient consideration for a contract' ". *Neuhoff v. Marvin Lumber and Cedar Company,* 370 F.3d 197, 202  (1st Cir. 2004) quoting *Blair v. Cifrino,* 355 Mass. 706 (1969). *Neuhoff* makes clear that mere forbearance without an express promise of forbearance was not consideration. Here, Post had agreed to fix all boats with the gel coat problem and it agreed to fix L&T's boat on the same basis, gratuitously. L&T did not

---

[3]  The sole grounds which L&T asserts support a finding of consideration are the letter threatening a lawsuit against Post and Post's foreseeable "reputation damages."  Evidence supporting "reputation damages" were not disclosed during discovery despite the initial request for production.  Nor was L & T's response of "none" ever supplemented with this evidence.  Similarly, the letter threatening a lawsuit was not produced as responsive to that discovery request.Therefore, this Court may not rely on it now.

4

surrender any claim, nor was it asked to. The repairs were not contingent on a release or compromise of any claim.

The remaining points raised in L&T's reply are repetitive of arguments previously raised and will not be addressed here again.

/s/ Howard M. Brown
Howard M. Brown, Esquire
BBO # 547948
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110
(617) 422-0200

SEGREDO & WEISZ
9350 South Dixie Highway
Suite 1500
Miami, Florida 33156
(305) 670-3820 Telephone
(305) 670-8230 Facsimile


By:  /s/ Michel O. Weisz
     Michel Ociacovski Weisz, Esquire
     Florida Bar No. 336939
     Attorney for Post Marine Co., Inc.

Dated: September 6, 2007