UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

L & T YACHT SALES, INC.,

           Plaintiff,

v.

POST MARINE CO., INC.,,

           Defendant.

BOSTON DIVISION
C.A. No. 05-11682-MLW

### DEFENDANT POST MARINE CO. INC.'S SUPPLEMENTAL MOTION TO EXCLUDE EVIDENCE
*(oral argument requested)*

Defendant Post Marine Co., Inc. requests that the Court enter an order excluding any evidence concerning Todd Hamilton's alleged loss of use and enjoyment of a boat owned by L&T Yacht Sales, Inc. and as grounds in support states:

1. L&T Yacht Sales, Inc., a boat purchaser, originally brought a five count complaint against Post Marine Co., Inc., the boat's manufacturer, for breach of contract, fraudulent and negligent misrepresentation, breach of implied warranty, and negligence.[1]

2. On or about June 1, 2007, Post filed a motion requesting an order that Plaintiff not be allowed to (1) call any witnesses other than those listed in the Plaintiff's pretrial disclosure; (2) present any evidence of damages; or (3) offer any expert witnesses to testify on Plaintiff's behalf.

3. Part of the June 1, 2007 motion formed the basis of Post Marine Co. Inc.'s motion for summary judgment. In its motion for summary judgment, Post asserted *inter alia* that L&T could not state a claim for breach of contract because it had not suffered any damages.

---

[1] By order dated December 27, 2007, the Court allowed Post's motion for summary judgment with respect to Counts II-V and denied the motion with respect to Count I (breach of contract).

4. In its December 27, 2007 order on the parties' cross motions for summary judgment, the Court stated: "The court assumes, without finding, that evidence of Hamilton's loss of enjoyment of his boat would satisfy the requirement that a meritorious action for breach of contract include evidence of damages. <u>Michelson</u>, 167 F.3d at 720. There may be no other admissible evidence of damages." *See* memorandum and order, p. 14, fn. 1.

5. However, Hamilton's loss of enjoyment of the use of the boat is irrelevant to L & T's claim of breach of contract, since by law, L&T (a Rhode Island corporation) and Todd Hamilton are separate entities.

6. As Todd Hamilton is not the Plaintiff, his personal loss of use of the boat cannot be ascribed to L&T. Therefore L & T cannot satisfy the legal element of damages in order to survive summary judgment.

7. Oral Argument is requested.

WHEREFORE, Defendant Post Marine Co., Inc. requests this Court, enter an order excluding any evidence of "damages" based on Todd Hamilton's loss of use or enjoyment of the boat.

Respectfully submitted,

<u>/s/ Howard M. Brown</u>
Howard M. Brown
BBO #547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Michel O. Weisz
BERGER SINGERMAN
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
(305) 755-9500

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I HEREBY CERTIFY that on January 15 , 2008 Michel Weisz, counsel to Defendant, attempted in good faith to resolve or narrow the issues raised by this motion with opposing counsel but was unable to reach an agreement.

/s/ Howard M. Brown
Howard M. Brown
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2008 I gave notice of the within Defendant Post Marine Co. Inc.'s Supplemental Motion To Exclude Evidence via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esq., Carmichael, Zajac & Fleury, P.C.

/s/ Howard M. Brown
Howard M. Brown
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110