UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L & T YACHT SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> POST MARINE CO., INC., <br><br> Defendant. | BOSTON DIVISION <br> C.A. No.  05-11682-MLW |

## DEFENDANT POST MARINE CO., INC.'S SUPPLEMENTAL
## MOTION FOR SUMMARY JUDGMENT

Defendant Post Marine Co., Inc. requests that this Court  enter summary judgment in its favor and as grounds in support states:

1.  L&T Yacht Sales, Inc. ("L&T), a boat purchaser, originally brought a five count complaint against Post Marine Co., Inc. ("Post"), the boat's manufacturer, for breach of contract, fraudulent and negligent misrepresentation, breach of implied warranty, and negligence.

2.  Post requested and was granted summary judgment in its favor on all counts except for count I (breach of contract).

3.  In its original motion for summary judgment Post argued that no enforceable contract existed between the parties due to: (1) the doctrine of mutual mistake; and (2) lack of consideration.

4.  This Court declined to enter summary judgment in Post's favor on the cause of action for breach of contract because" (1) the doctrine of mutual mistake did not apply; (2) the scope of the repairs Post undertook to make was an issue of fact; (3) whether consideration existed to bind the "agreement" was an issue of fact; and (4) possible evidence of Todd Hamilton's loss of use

and enjoyment of the boat could satisfy the legal element of damages. *See*, 12/27/07 memorandum and order at 11, 14.

5. However, it is clear from this Court's order that it recognized that there was no "meeting of the minds" between Post and L&T for the "contract" at issue.

6. Post's August 25, 2004 letter is clear and unambiguous: "Post Marine will inspect the entire vessel to determine the extent of the gel coat repairs to be performed." *See* August 24, 2005 letter, attached as Exhibit D to the Statement of Material Facts (docket no. 22).

7. Further, in the same letter, Post agreed to repair only "the affected areas." The September 2, 2004 letter sent to L&T by Joseph Matorana of Post specifically states:[1] "To clarify the letter sent to you from Michel Weisz. In making the repairs to your your[sic] boat we will spray gelcoat in such a way as to eliminate any spotting or color variations <u>in the areas to be repaired</u>. Gelcoat will be removed from entire surfaces, examples being shelter sides, cockpit, forward deck, side decks, pulpit and hull to ensure consistency." *See* September 2, 2004 letter attached as Exhibit F to the Statement of Material Facts [emphasis added].

8. As this Court concluded (12/27/07 memorandum at 10) these letters form the basis of the entire agreement between the parties.

> Q. Was there ever anything in writing that indicated what Post was going to do?
> A. Yes.
> Q. Okay. What was there in writing?
> A. A letter from Joe Martorana to me.
> Q. Anything else?
> A. About the work they were going to do?
> Q. Yes.
> A. No, not about -- The only thing in writing from them about work was the one letter, I believe, except for the letter from you, of course.

---

[1] It is the September 2, 2004 letter upon which L&T bases its claim that the gel coat to the entire boat would be replaced. *See,* complaint, ¶15, attached as Exhibit A to the Statement of Material Facts.

*See*, Deposition of Todd Hamilton, p. 27, ln. 10-21 attached as Exhibit I to the Statement of Material Facts.

9. L&T never objected to or otherwise disputed the terms of these letters until one year later when this lawsuit was filed.

> Q. Is it your contention that when you were told the boat—Is it your contention that when Post told you that the gel coat would be stripped that you understood that they would strip the entire boat.
> A. That was my impression, yes.

*See*, Deposition of Todd Hamilton, p. 64, ln. 21-23, p. 65, ln. 1-3, attached as Exhibit I to the Statement of Material Facts.

10. Based on the foregoing, this Court should enter summary judgment in Post's favor because there was no meeting of the minds, and accordingly, no contract between the parties. Post further relies on the points and authorities contained in its memorandum of law filed herewith.

WHEREFORE, Defendant Post Marine Co., Inc. requests that the Court enter summary judgment in its favor on count I (breach of contract).

Respectfully submitted,

Howard M. Brown
BBO #547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Michel O. Weisz
BERGER SINGERMAN
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
(305) 755-9500

/s/ Michel O. Weisz
Michel O. Weisz
Florida Bar No. 336939

## CERTIFICATE OF SERVICE

I, Michel O. Weisz, Esquire this 18th day of January, 2008 certify that I gave notice of the within Defendant Post Marine, Co., Inc.'s Supplemental Motion for Summary Judgment via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esquire, Carmichael, Zajac & Fleury, P.C.

Howard M. Brown
BBO#547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Michel O. Weisz
BERGER SINGERMAN
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
(305) 755-9500

/s/ Michel O. Weisz
Michel O. Weisz
Florida Bar No.336939