UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

L & T YACHT SALES, INC.,

               Plaintiff,

v.

POST MARINE CO., INC.,

               Defendant.

BOSTON DIVISION
C.A. No.  05-11682-MLW

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT POST MARINE CO., INC.'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Defendant Post Marine Co., Inc. requests that the Court enter summary judgment in its favor and as grounds in support states as follows:

L&T Yacht Sales, Inc. ("L&T), a boat purchaser, originally brought a five count complaint against Post Marine Co., Inc. ("Post"), the boat's manufacturer, for breach of contract, fraudulent and negligent misrepresentation, breach of implied warranty, and negligence.

Post requested and was granted summary judgment in its favor on all counts except for count I (breach of contract).  In its summary judgment ruling, this Court recognized that "[t]he elements of a cause of action for breach for contract are: the existence of a contract; its breach by the defendant; and damages." *See* memorandum and order, 12/27/07 at 9.

In its original motion for summary judgment Post argued that no enforceable contract existed between the parties due to: (1) the doctrine of mutual mistake; and (2) lack of consideration.

This Court declined to enter summary judgment in Post's favor on the cause of action for breach of contract because: (1) the doctrine of mutual mistake did not apply; (2) the scope of the repairs Post undertook to make was an issue of fact; (3) whether consideration existed to bind the "agreement" was an issue of fact; and (4) possible evidence of Todd Hamilton's loss of use and enjoyment of the boat could satisfy the legal element of damages. *See*, memorandum and order, 12/27/07 at 11, 14.

Nevertheless, Post requests that this Court enter summary judgment in its favor on the cause of action for breach of contract pursuant to this supplemental motion.[1]

In its order this Court specifically ruled: "The dispute in this case involves an evident disagreement as to what Post promised to do." *See,* memorandum and order, 12/27/07 at 11.

Accordingly, the reason that no enforceable contract exists is due not to the doctrine of mutual mistake (as recognized by this Court) but because there was no "meeting of the minds" between the parties regarding an essential term of the "agreement," i.e. the scope of repairs.

Post's August 25, 2004 letter is clear and unambiguous: "Post Marine will inspect the entire vessel to determine the extent of the gel coat repairs to be performed." *See* August 24, 2005 letter, attached as Exhibit D to the Statement of Material Facts (docket no. 22).

Further, in the same letter, Post agreed to repair only "the affected areas." In the September 2, 2004 letter sent to L&T by Joseph Matorana of Post, he specifically states:[2] "To clarify the letter sent to you from Michel Weisz. In making the repairs to your your[sic] boat we will spray gelcoat in such a way as to eliminate any spotting or color variations <u>in the areas to be</u>

---

[1]  The issue of Todd Hamilton's damages, is addressed by a separate supplemental motion and memorandum of law to exclude evidence.

[2]  It is the September 2, 2004 letter upon which L&T bases its claim that the gel coat on the entire boat would be replaced. *See,* complaint, ¶15, attached as Exhibit A to Post's previously-filed Statement of Material Facts.

<u>repaired</u>. Gelcoat will be removed from entire surfaces, examples being shelter sides, cockpit, forward deck, side decks, pulpit and hull to ensure consistency." *See* September 2, 2004 letter attached as Exhibit F to the Statement of Material Facts (docket no. 22) [emphasis added].

Todd Hamilton has admitted that these letters are the only documents setting forth the terms of the agreement between the parties.

> Q. Was there ever anything in writing that indicated what Post was going to do?
> A. Yes.
>
> Q. Okay. What was there in writing?
> A. A letter from Joe Martorana to me.
>
> Q. Anything else?
> A. About the work they were going to do?
>
> Q. Yes.
> A. No, not about -- The only thing in writing from them about work was the one letter, I believe, except for the letter from you, of course.

*See*, Deposition of Todd Hamilton, p. 27, ln. 10-21 attached as Exhibit I to the Statement of Material Facts. Based on this deposition testimony, the Court concluded that "Hamilton acknowledged in his deposition that these two letters formed the basis of the entire written agreement between the parties." 12/27/07 memorandum and order at 10.

L&T never objected to or otherwise disputed the terms of these letters until one year later when this lawsuit was filed.

> Q. Is it your contention that when you were told the boat—Is it your contention that when Post told you that the gel coat would be stripped that you understood that they would strip the entire boat.
>
> A. That was my impression, yes.

*See*, Deposition of Todd Hamilton, p. 64, ln. 21-23, p. 65, ln. 1-3, attached as Exhibit I to the Statement of Material Facts.

3

Any claim by L&T regarding the scope of work which contradicts the terms of the Weisz letter of August 25, 2004 and the Martorana letter of September 2, 2004 only serves to conclusively demonstrate that Post and L&T had no "meeting of the minds" with regard to the scope of repairs Post was willing to make.

"It is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." *See Coldwell Banker/Hunneman v. Shostack*, 62 Mass. App. Ct. 635, 818 N.E.2d 1079, 1083 (2004) (*internal quotations omitted*). The lack of a meeting of the minds is a fatal flaw in the ability to enforce a contract. *See Newburyport Redevelopment Authority v. Newburyport Inn Limited Partnership*, 1999 WL 140116 (Mass.Super. 1999). In *Newburyport Redevelopment* a proposed buyer and a proposed seller entered into a "contract" for the sale of land on April 12, 1990 for development under the rules of the Housing and Urban Development Agency ("HUD"). The "contract" did not contain a price term for the sale and (after legal construction of the contract itself and accompanying letters of intent) was determined to have made no mention of a method to calculate a price at a future date. HUD refused to ratify the contract after the version signed by the parties was submitted to it. After unfruitful discussions to amend the contract so that it would be approved by HUD, the proposed seller sought a declaratory judgment that the contract was not valid or enforceable. The court held: "Instead, the plaintiff's strongest argument is the one on which it wins. The argument is, simply put, that the parties did not have a meeting of the minds as to a critical component of the contract." *Id*. at 7. "Although the defendant may or may not have had other legally enforceable rights, this is a fatal flaw in the contract. Thus the April 12, 1990 contract is not enforceable and conveys no legally enforceable rights to either party." *Id.* Accordingly, the Court entered an

order in the proposed sellers favor that no enforceable contract existed between the parties as matter of law.

The same is true here. Since the scope of the repairs Post was willing to make is both essential and material to the "agreement," the acknowledged lack of an agreement on this subject clearly demonstrates that there was no "meeting of the minds" and thus, no enforceable contract.

Based on the foregoing, this Court should enter summary judgment in Post's favor because there was no meeting of the minds, and accordingly, no contract between the parties.

WHEREFORE, Defendant Post Marine Co., Inc. requests this Court, enter summary judgment in its favor on count I for breach of contract.

> Respectfully submitted,
>
> Howard M. Brown
> BBO#547948
> BARTLETT HACKETT FEINBERG P.C.
> 155 Federal Street, 9th Floor
> Boston, MA 02110
>
> Michel O. Weisz
> BERGER SINGERMAN
> 200 South Biscayne Boulevard, Suite 1000
> Miami, FL 33131
> (305) 755-9500
>
> /s/ Michel O. Weisz
> Michel O. Weisz
> Florida Bar No. 336939

**CERTIFICATE OF SERVICE**

I, Michel O. Weisz, Esquire this 18th day of January, 2008 certify that I gave notice of the within Memorandum of Law in Support of Post's Supplemental Motion for Summary Judgment via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esquire, Carmichael, Zajac & Fleury, P.C.

    Howard Brown, Esquire
    BARTLETT HACKETT FEINBERG P.C.
    155 Federal Street, 9th Floor
    Boston, MA 02110

    Michel O. Weisz
    BERGER SINGERMAN
    200 South Biscayne Boulevard, Suite 1000
    Miami, FL  33131
    (305) 755-9500


    /s/ Michel O. Weisz
    Michel O. Weisz
    Florida Bar No.336939