UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L & T YACHT SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> POST MARINE CO., INC., <br><br> Defendant. | BOSTON DIVISION <br> C.A. No. 05-11682-MLW |

**DEFENDANT POST MARINE CO., INC.'S PRETRIAL MEMORANDUM**

Defendant Post Marine Co., Inc. ("Post") herewith submits its pretrial memorandum in compliance with this Court's pretrial order of December 27, 2007.

**I.      SUMMARY OF EVIDENCE TO BE OFFERED BY DEFENDANT**

Post will prove at trial that it manufactured the 50' yacht at issue, which was sold to an authorized Post dealer. The dealer in turn sold the yacht to a retail purchaser. The boat was covered by a written limited warranty which included disclaimers of implied warranties and limitations of liability and damages.

In the Spring of 2003 L&T Yachts Inc. ("L&T") purchased the yacht as a used boat. The purchase was accomplished through a private sale which did not involve Post. The purchase of the yacht by L&T provided no economic benefit to Post.

In 2004 L&T contacted Post and reported a problem related to gel coat cracking. Gel coat is the outer covering of a boat which provides the boat's color and finish. Post had received a number of earlier complaints from other boat owners about gel coat cracking. The gel coat in question was manufactured by Cook Composites and Polymers, and is described as "953 Series Gel Coat". Because Post was receiving reports that a large number of boats using this gel coat

were experiencing cracking, Post made an independent decision, prior to being contacted by L&T, to fix all boats with the gel coat cracking. Post made this decision despite the fact that its Written Limited Warranty excluded any liability for gel coat cracking.[1]

Post agreed to make certain repairs to the gel coat finish on L&T's boat and set out the terms and scope of the repairs to be performed in a letter to L&T's counsel. The scope of the repairs were confirmed directly to L&T's principal, Todd Hamilton. L&T did not object to the scope of the work in which Post agreed to fix certain areas on the boat affected by gel coat cracking.

Until L & T removed the boat from Post's facility, Post fixed the cracks it had agreed to repair. The repairs were performed at Post's facility in New Jersey, at no cost to L&T. The value of the repairs was in excess of $100,000.00. When the boat was nearly finished, Todd Hamilton, President of L&T, inspected the boat in June of 2005. In June 2005 Mr. Hamilton wrote a letter to Post, referred to as a "Punch List" itemizing matters which he claimed remained to be finished. The letter did not describe any dissatisfaction with the work, not did it claim that the boat had not been repaired within the scope of work agreed to by Post.

Before Post completed the work, L&T Yachts filed this lawsuit and removed the boat from Post's facilities. The removal was accomplished pursuant to a letter written by Mr. Hamilton instructing Post to do no further work to the boat.

## II.   ESTABLISHED FACTS

1. Post manufactured the boat in question.

2. L&T bought the boat at a private sale from which Post received no benefit.

3. The boat was subject to a written Limited Warranty.

---

[1] Post has sued the gel coat manufacturer in a case now pending in the United States District Court for the District of New Jersey styled , *Post Marine Company and Viking Yacht Company v. Cook Composites and Polymers, et al.*

4. Post received no payment for any of the repairs it performed on the yacht.

5. L&T ordered Post to stop working on the boat and removed the boat from Post's facility before the repairs were fully completed.

### III. CONTESTED FACTS

1. Whether a binding contract was entered into between Post and L&T and, if so, what the terms of that contract are.[2]

2. Whether there was a "meeting of the minds" between the parties with respect to the material terms of any agreement, and whether both parties had a present intention to be bound by those terms.

3. Whether there was sufficient consideration given by L & T to create a binding contract and, if so, what that consideration consisted of.

4. Whether Post performed its obligations under any agreement between Post and L&T.

5. Whether L & T repudiated any agreement between the parties and/or made it impossible for Post to perform under the agreement.

6. Whether L & T suffered any compensable damages and, if so, the amount and nature of said damages.

7. Whether L & T took reasonable steps to mitigate its damages, if any.

### IV. JURISDICTIONAL QUESTIONS

None.

---

[2] Based on the anticipated testimony of Todd Hamilton, Post contends that there was no meeting of the minds between the parties. Assuming, however, that a meeting of the minds took place, because the evidence concerning the terms of the agreement consists only of writings, questions as to the existence of a contract and its terms are to be decided by the court as a matter of law. *American Private Line Services, Inc. v. Eastern Microwave, Inc.*, 980 F.2d 33, 35 (1st Cir. 1992).

## V. ANY QUESTIONS RAISED BY PENDING MOTIONS

1. Post has a pending motion (and a supplemental motion) in which it seeks to exclude or prohibit L&T from offering evidence with respect to issues related to damages or expert witnesses. The grounds for Post's motion are that L&T has failed: to properly disclose information pursuant to Fed. R. Civ. P. 26; to provide information as required by the local rules of this district; to comply with this Court's pretrial orders with respect to the disclosure of witnesses, expert witnesses, and documents; to produce documents in response to a request for production of documents; and to provide evidence and information pursuant to a duly noticed deposition of the corporate representative of L&T.  L&T has provided no admissible evidence with respect to any of its claims or damages; and it has failed to provide any expert testimony regarding the cause of the cracking, the condition of the boat, or the damages it allegedly suffered. It has failed to timely provide photographs (a disk containing photographs was first provided after the close of discovery at the Court's final Pre-Trial Conference)[3] and has not properly listed or disclosed purported witnesses who L & T now intends to call to testify on its behalf.

## VI. EVIDENTIARY QUESTIONS

Post will object to: any proffered expert testimony or expert witnesses based on Plaintiff's failure to disclose such experts; any documentary evidence which has not been previously produced; and the testimony of any witnesses not previously listed and disclosed. Specifically, Post will object to letters purportedly written by repair yards as to the cost of re-gel coating the entire boat as there is no proper foundation for the letters to be admitted, the letters are hearsay and they are not properly admitted as testimony of an expert witness.

---

[3] At a subsequent settlement conference ordered by the Court, Mr. Hamilton proffered additional photographs to the Court of the bottom of the hull which photographs have also not been provided to undersigned counsel.

## VII. REQUESTED AMENDMENTS TO THE PLEADINGS

None

## VIII. ADDITIONAL MATTERS

Post has filed a Supplemental Motion for Summary Judgment which will be dispositive, if allowed.

## IX. PROBABLE LENGTH OF TRIAL

This matter is set for jury trial and is anticipated to last two to three days.

## X. LIST OF WITNESSES TO TESTIFY

1.  Ken Jensen, President – Post Marine Co., Inc.

Mr. Jensen will testify concerning: the construction of the yacht; the gel coat used on the yacht; the sale of the yacht; the Express Written Limited Warranty which is issued with each Post yacht including the one at issue; the decision of Post, prior to being contacted by L&T Yachts, to fix all boats with the gel coat cracking; his discussions and negotiations with L&T Yacht Sales concerning the repairs of the boat; the correspondence between the parties; the repairs to the yacht; and the conversations between Post Marine Company, Inc. and L&T Yachts during the repairs and at the conclusion of the repairs when the boat was removed from Post's marina. Mr. Jensen will also testify as to the hours spent repairing the yacht and the value of the services provided, and the fact that no fees were paid by L&T to Post for any repairs performed to the yacht.

2.  Joe Martorana – Post Marine Co., Inc.

Mr. Martorana will testify as to the repairs on the yacht. He will also testify as to communications between himself and L&T yacht sales.

3. Lisa Kane.

Ms. Kane will testify as a factual witness.

## XI. **PROPOSED EXHIBITS OF DEFENDANT POST MARINE CO., INC.**

A.

1. Letter dated August 17, 2004 from Lisa A. Kane to Michel Weisz.

2. Letter dated August 25, 2004 from Michel Weisz to Lisa Kane.

3. Letter from Joe Martorana to Todd Hamilton.

4. Letter dated June 15, 2005 from Todd Hamilton to Joe Martorana and Ken Jensen.

5. Letter dated July 13, 2005 from Todd Hamilton to Joe Martorana and Ken Jensen.

6. Letter dated July 15, 2005 from Todd Hamilton to Joe Martorana and Ken Jensen.

7. Letter dated August 10, 2005 from Michel Weisz to Todd Hamilton.

8. Defendant's Request for Production of Documents to Plaintiff

9. Plaintiff's Response to Defendant's Request for Production of Documents.

10. Defendant Post Marine Company, Inc.'s Notice of Taking Deposition of L&T Yacht Company.

11. Time Records for employees of Post involved in performing repairs to the yacht.

12. Limited warranty issued by Post.

B.

Other than the documents listed above, Defendant will object to any other document proposed to be introduced by Plaintiff.

Respectfully submitted,

Howard M. Brown
BBO #547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

>Michel O. Weisz
>BERGER SINGERMAN
>200 South Biscayne Boulevard, Suite 1000
>Miami, FL  33131
>(305) 755-9500


>/s/ Michel O. Weisz
>Michel O. Weisz
>Florida Bar No. 336939

## CERTIFICATE OF SERVICE

I,  Michel O. Weisz, Esquire this 18th day of January, 2008 certify that I gave notice of the within Defendant Post Marine, Co., Inc.'s Pretrial Memorandum  via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esq., Carmichael, Zajac & Fleury, P.C.

>Howard M. Brown
>BBO#547948
>BARTLETT HACKETT FEINBERG P.C.
>155 Federal Street, 9th Floor
>Boston, MA 02110
>
>Michel O. Weisz
>BERGER SINGERMAN
>200 South Biscayne Boulevard, Suite 1000
>Miami, FL  33131
>(305) 755-9500


>/s/ Michel O. Weisz
>Michel O. Weisz
>Florida Bar No.336939