UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

L & T YACHT SALES, INC.,

        Plaintiff,

v.

POST MARINE CO., INC.,

        Defendant.

BOSTON DIVISION
C.A. No. 05-11682-MLW

**DEFENDANT'S TRIAL BRIEF**

**I.   DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

1. Do you, or does any member of your immediate family, own a boat?

2. Have you or any member of your immediate family previously owned a boat?

3. Have you or any member of your immediate family ever been a party to a dispute of any kind (whether or not the dispute was an actual lawsuit or legal case) involving a boat, boat dealer, boat repair facility or boat manufacturer?

## II.     DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS

**1.     Contracts, generally.**

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing.

Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent—that is, their agreement—to exchange promises. For example, in a contract for the purchase and sale of a house, the buyer promises to pay a certain amount of money to the seller on a certain date, and the seller promises to deliver to the buyer on that date a deed to the seller's house. Each party has agreed to exchange a promise for a promise by the other party.

Sometimes, the agreement is to exchange one party's promise for the other's performing, or refraining from performing, a particular action. For example, a homeowner promises a neighbor $20 if he will mow her lawn, and he does so. They have agreed to exchange the homeowner's promise to pay for the neighbor's action of mowing the lawn.

**2.     Elements of a contract; burden of proof.**

In this case, there is a dispute as to whether a binding contract exists between the plaintiff, L & T, and the defendant, Post. As the plaintiff, L & T has the burden of proving that a contract was actually made by the parties. *Canney v. New England Tel. & Tel. Co.*, 353 Mass. 158, 164, 228 N.E.2d 723 (1967).

In order to prove the existence of a contract with Post, L & T must prove each of the following three elements by a preponderance of the evidence:

1.     that an offer was made by Post;

2.     that the offer was accepted by L & T; and

3.     that Post and L & T each gave up something of value, or promised to give up something of value. This is referred to under the law as "consideration."

*Quinn v. State Ethics Comm'n*, 401 Mass. 210, 216, 516 N.E.2d 124, 127 (1987); *David J. Tierney Jr., Inc. v. T. Wellington Carpets, Inc.*, 8 Mass.App.Ct. 237, 239–41, 392 N.E.2d 1066, 1068–69 (1979).

3.      **Offer and Acceptance.**

The first two determinations you must make are whether anyone in this case made an offer, and if so, whether the other side accepted the offer. A contract requires both an offer and acceptance of the offer.

An offer is an expression of willingness or desire to enter into a contract made with the intent that if the other party accepts the offer, then there is a contract. The offer must state with reasonable certainty what is to be exchanged between the parties. *Cygan v. Megathlin*, 326 Mass. 732, 733, 96 N.E.2d 702, 703 (1951); Restatement (Second) of Contracts § 33 (1979). An offer may be made orally or in writing, or even by a person's conduct. What is important is that the offer be made in such a way as to justify another person in understanding that its acceptance of the bargain will bind both parties to the terms of the offer. *Chicopee Concrete Serv. Inc. v. Hart Eng'g Co.*, 20 Mass.App.Ct. 315, 318, 479 N.E.2d 748, 749 (1985); G*ilbert & Bennett Mfg. Co. v. Westinghouse Elec. Corp.*, 445 F.Supp. 537, 545 (D.Mass. 1977). See also *Cataldo Ambulance Serv. Inc. v. Chelsea*, 426 Mass. 383, 386 n.6, 688 N.E.2d 959, 961 n.6 (1998).

Acceptance of an offer is an expression of willingness or desire to assent to the terms of the offer.

An acceptance must comply with the requirements of the offer as to the performance to be rendered. Restatement (Second) of Contracts § 58 (1981); *Richmond v. Sweeney*, 279 Mass. 250, 255, 181 N.E. 186, 188 (1932)(in order to constitute a valid agreement the acceptance must be in accordance with the terms of the offer); *Tierney v. Wellington Carpets, Inc.*, 8 Mass.App.Ct. 237, 240, 392 N.E.2d 1066 (1979) (if an acceptance substantially varies from the terms of the offer, it is ineffective, thus creating no binding agreement).

In this case, the terms of Post's offer are stated in two letters which are trial exhibits, one dated August 25, 2004 from Michel Weisz to Lisa Kane and another from Joseph Martorana to Todd Hamilton (faxed on September 2, 2004) describing the repair work that Post was offering to perform and certain related terms. You must determine whether L & T accepted this offer in accordance with its terms.

**4.     Contract Formation; Meeting of the Minds; Mutual Assent**

In order to determine whether a binding contract existed in this case, you must decide whether L & T and Post intended to agree to the contract's terms as of the time of the contract. A contract exists when the parties agree to terms and conditions of mutual promises. This is often referred to as a "meeting of the minds." "Mutuality" means that the parties communicated their agreement to the terms and conditions in the same sense and at the time of the alleged contract. There is no contract formed if only one party intends to be bound, or if the parties intend to be bound only at a later time. *Canney v. New England Tel. & Tel. Co.*, 353 Mass. 158, 164, 228 N.E.2d 723, 727 (1967); *Guarino v. Zyfers*, 9 Mass.App.Ct. 874, 401 N.E.2d 857 (1980); *David J. Tierney, Jr., Inc. v. T. Wellington Carpets, Inc.*, 8 Mass.App.Ct. 237, 241, 392 N.E.2d 1066, 1069–70 (1979); Restatement (Second) of Contracts §§ 1–5 .

L & T has the burden of proving that the parties (L & T and Post) had a "meeting of the minds;" i.e., they agreed to do, or not to do, a specific thing. *I & R Mech., Inc. v. Hazelton Mfg. Co*., 62 Mass. App. Ct. 452, 455 (2004); Restatement (Second) of Contracts, § 17, Cmt. c.

An enforceable contact arises only when the parties agree on the material terms of the contract and manifest (that is, state verbally or in writing or by some other act or omission which is intended to communicate agreement) a present intention to be bound at that time. *Lambert v. Fleet Natl. Bank*, 449 Mass. 119, 123 (2007).

In this case, Post has provided evidence, in the form of two letters, one dated August 25, 2004 from Michel Weisz to Lisa Kane and another from Joseph Martorana to Todd Hamilton (faxed on September 2, 2004) describing the repair work that Post was offering to perform and certain related terms. If you conclude that L & T did not agree to these terms, or did not express such agreement to Post, during the relevant time period (August-September, 2004), then you must conclude that there was no "meeting of the minds" and therefore no binding contract between the parties.

**5.     Consideration.**

In addition to the requirements of an offer and acceptance, L & T has the burden of proving that there was consideration, i.e. something that is given in exchange for Post's offer to repair the boat. *Congregation Kadimah Toras-Moshe v. DeLeo*, 405 Mass. 365, 366, 540 N.E.2d 691, 692 (1989); *Loranger Constr. Corp. v. E.F. Hausserman Co.*, 376 Mass. 757, 763, 384 N.E.2d 176, 180 (1978); *Marine Contractors Co. v. Hurley*, 365 Mass. 280, 286, 310 N.E.2d 915, 919 (1974); *Cottage St. M.E. Church v. Kendall*, 121 Mass. (Lothrop) 528, 529–30 (1877).

To establish the existence of consideration, L & T must prove either a benefit to the maker of the promise (Post) or a detriment to L & T, the party to which the promise was allegedly made. *Marine Contractors Co., Inc. v. Hurley*, 365 Mass. 280, 286, 310 N.E.2d 915 (1974)(requirement of consideration is satisfied if there is either a benefit to the promisor or a detriment to the promisee.)

### 6.     Detriment as consideration; agreement to forebear

One type of consideration is a detriment to the promisee, i.e. L & T. A party suffers legal detriment sufficient to constitute "consideration" when it does something which it was not obligated to do or gives up something which it was entitled to retain. *Sheraton Service Corp. v. Kanavos*, 4 Mass.App.Ct. 851, 852, 357 N.E.2d 20 (1976).

In this case, L & T claims that the consideration which supports Post's promise to repair the boat consists of L & T's agreement to refrain, or forebear, from filing suit against L & T. Post disputes that L & T made any such agreement. Therefore L & T has the burden of proving that L & T and Post agreed that L & T would forebear, or refrain, from filing suit against Post in exchange for Post's agreement to repair the boat.

If you conclude that L & T did not meet its burden of proving that it agreed to forebear, or refrain, from filing suit against Post, then you must find that no binding contract existed between the parties.

*Neuhoff v. Marvin Lumber and Cedar Company*, 370 F.3d 197, 201 (1st Cir. 2004); *McNulty v. Great American Insurance Co.*, 727 F. Supp. 45, 47-48 (D. Mass. 1989); *Merrimac Chemical Co. v. Moore*, 279 Mass. 147, 155-156, 181 N.E. 219, 222 (1932) (mere forbearance to sue a claim, without any promise either in express terms or by fair implication from all the circumstances, does not form sufficient consideration for a guaranty to pay the debt of another).

**7.**     **Terms of Contract**

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty. *Kravetz v. Merchants Distrib., Inc.*, 387 Mass. 457, 460, 440 N.E.2d 1278, 1280 (1982); *Rosenfield v. United States Trust Co.*, 290 Mass. 210, 195 N.E.2d 323 (1935).

**8. Breach of Contract**

In this case, L & T claims that Post breached the contract between the parties. In order to recover for breach of contract, L & T must prove: (1) an express or implied agreement, in writing or oral; (2) for valid consideration; (3) performance or its equivalent by L & T; (4) breach by Post; and (5) damage to L & T. Restatement (Second) of Contracts, §§ 1-5. See *Singarella v. City of Boston*, 342 Mass. 385, 387 (1961); *Michelson v. Digital Financial Services*, 167 F.3d 715, 720 (1st Cir.1999).

A breach of contract is a failure to perform for which there is no legal excuse, or defense. *Realm Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc.*, 327 Mass. 535, 537 (1951); *Guckenberger v. Boston University*, 957 F.Sup. 306, 316 (D.Mass.1997)

**9. Performance in General**

**(a)    Time for Performance**

When a contract does not specify the time for performance, a party has a reasonable period of time in which to perform. *Powers, Inc. v. Wayside, Inc. of Falmouth*, 343 Mass. 686, 690–91, 180 N.E.2d 677, 680–81 (1962); *Alexander v. Berman*, 29 Mass.App.Ct. 458, 461, 560 N.E.2d 1295, 1297 (1990); *Charles River Park, Inc. v. Boston Redev. Auth.,* 28 Mass.App.Ct. 795, 814, 557, 557 N.E.2d 20, 31–32 (1990).

**(b)    Performance by Defendant**

There can be no breach of contract where the defendant has fully performed. *Threlfall v. Coffee Roasters Prods.*, 306 Mass. 378, 380, 28 N.E.2d 445, 447 (1940); *First Nat'l Bank of Boston v. Cartoni*, 295 Mass. 75, 78–79, 3 N.E.2d 177, 178–79 (1936). See *Cygan v. Megathlin*, 326 Mass. 732, 735, 96 N.E.2d 702, 703–04 (1951) (stating that "when a contract has been executed on one side, the law will not permit the injustice of the other party retaining the benefit without paying unless compelled by some inexorable rule"); *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co*., 327 Mass. 535, 537, 100 N.E.2d 28, 30 (1951) (plaintiff must prove that defendant failed to perform without a legal excuse to prove breach of contract).

If you find that Post fully performed its obligations, then you must find that Post did not breach the contract.

**(c)    Full Performance by Plaintiff.**

To recover for a breach of contract, a plaintiff must establish its full and complete performance of all obligations under the contract. However, a material breach of the contract by one party excuses further performance by the nonbreaching party.

10

**10. Defenses**

A refusal or failure to perform may not be a breach of contract where there is a legal reason not to perform. Legal reasons are called "defenses." I will explain several defenses to you shortly. The defendant has the burden of proving to you that it has a legal reason or defense for its nonperformance. *Beaudoin v. Lenza*, 338 Mass. 798, 156 N.E.2d 682 (1959); *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co.*, 327 Mass. 535, 537, 100 N.E. 28, 30 (1951); *Eliot Discount Corp. v. Dame*, 19 Mass.App.Ct. 280, 285, 473 N.E.2d 711, 715, further app. rev. denied, 394 Mass. 1103, 477 N.E.2d 595 (1985).

**(a)     Failure to perform caused by the plaintiff.**

If you conclude that Post failed to fully perform its obligations under the contract, but that the failure to perform was caused by the conduct of L &T, then Post has a valid defense to L & T's claim and cannot be held liable for breach of contract. *Winchester Gables, Inc. v. Host Marriott Corp.*, 70 Mass.App.Ct. 585, 596, 875 N.E.2d 527 (2007); *Peabody N.E., Inc. v. Town of Marshfield*, 426 Mass. 436, 441 689 N.E.2d 774 (1998); *Frank Fitzgerald, Inc. v. Pacella Bros., Inc.*, 2 Mass.App.Ct. 240, 242, 310 N.E.2d 379 (1974)("One who prevents performance of contract cannot take advantage of its nonperformance").

In this case Post claims it was prevented from fully performing any obligations it may have had by L&T's removal of the boat.

**11. Damages**

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. If L & T has not proven that Post breached the contract, then you will not consider the issue of damages.

If you determine that Post did breach the contract, you must then decide the amount of L & T's damages, if any. Before L & T can recover damages under any theory of recovery, it must prove that the defendant's breach caused damages. *Lease-It, Inc. v. Massachusetts Port Auth.*, 33 Mass.App.Ct. 391, 397, 600 N.E.2d 599, 602 (1992).

**(a)   Basic Principle**

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. In order to recover damages against the defendant, the plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct. If the damages were caused by the plaintiff or by someone other than the defendant, then the plaintiff is not entitled to damages from the defendant. *Kobayashi v. Orion Ventures, Inc.*, 42 Mass.App.Ct. 492, 678 N.E.2d 180, further app. rev. denied, 425 Mass. 1102, 680 N.E.2d 101 (1997). *Fernandes v. Union Bookbinding Co.*, 400 Mass. 27, 37–38, 507 N.E.2d 728, 734–35 (1987); *Sackett v. St. Mary's Church Soc'y*, 18 Mass.App.Ct. 186, 464 N.E.2d 956 (1984); *John Hetherington & Sons, Ltd. v. William Firth C*o., 210 Mass. 8, 95 N.E. 961 (1911).

**(b)   Benefit of the Bargain**

The plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact. *Productora E Importadora De Papel v. Flemin*g, 376 Mass. 826, 837–38, 383 N.E.2d 1129, 1136 (1978); *White Spot Constr. Co. v. Jetspray Cooler, Inc.*, 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); *John Hetherington & Sons, Ltd. v. William Firth C*o., 210 Mass. 8, 95 N.E. 961 (1911).

**(c)   Damages Not Speculative**

Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that the plaintiff claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

In order to recover damages, a party must establish that its damages are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.

However, a mathematical certainty in measuring damages is not a prerequisite for recovery. *Rombola v. Cosindas*, 351 Mass. 382, 220 N.E.2d 919 (1966); *Lufkin's Real Estate, Inc. v. Aseph,* 349 Mass. 343, 346, 208 N.E.2d 209, 211 (1965); *Snelling & Snelling of Mass., Inc. v. Wall*, 345 Mass. 634, 635–36, 189 N.E.2d 231, 232 (1963); *Whitespot Constr. Corp. v. Jetspray Cooler, Inc.*, 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); *Bond Pharmacy, Inc. v. City of Cambridge*, 338 Mass. 488, 156 N.E.2d 34 (1959); *John Hetherington & Sons, Ltd. v. William Firth, Co*., 210 Mass. 8, 21–22, 95 N.E. 961, 964 (1911); *Novel Iron Works, Inc. v. Wexler Constr. Co*., 26 Mass.App.Ct. 401, 412, 528 N.E.2d 142, 148 (1988); G*ilmore v. Century Bank & Trust Co*., 20 Mass.App.Ct. 49, 477 N.E.2d 1069 (1985).

**(d)     Interest**

If you are to award damages, you must not include any amount for interest. The law automatically provides for interest, and the clerk of courts will calculate the appropriate amount. *Griffin v. General Motors Corp*., 380 Mass. 362, 367, 403 N.E.2d 402, 406 (1980); *D'Amico v. Cariglia*, 330 Mass. 246, 112 N.E.2d 807 (1953).

**(e)     Mitigation of Damages**

A person who has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages. The plaintiff may not recover for losses that could have been prevented by reasonable efforts on its part. *Burnham v. Mark IV Homes, In*c., 387 Mass. 575, 441 N.E.2d 1027 (1982); Restatement (Second) of Contracts § 350(1) (1981).

### III. DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

1. Did L & T and Post agree on the material terms of a contract and state a present intention to be bound by those terms?

    Yes_____    No_____

    **(If you have answered yes, proceed to Question 2. If you have answered no, stop and report that you have reached a verdict)**

2. Was there consideration to support the contract?

    Yes_____    No_____

    **(If you have answered yes, proceed to Question 3. If you have answered no, stop and report that you have reached a verdict)**

3. Was there a binding contract between L & T and Post?

    Yes_____    No_____

    **(If you have answered yes, proceed to Question 4. If you have answered no, stop and report that you have reached a verdict)**

4. Did Post breach the contract?

    Yes_____    No_____

    **(If you have answered yes, proceed to Question 5. If you have answered no, stop and report that you have reached a verdict)**

5. Was L & T damaged as a result of the breach of contract?

    Yes_____    No_____

    **(If you have answered yes, proceed to Question 6. If you have answered no, stop and report that you have reached a verdict)**

6. State the amount of damages caused by the breach of contract, if any.

$_____
(Amount in Figures)

_____
(Amount in Words)

DEFENDANT
By its counsel,

Howard M. Brown
BBO#547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Michel O. Weisz
BERGER SINGERMAN
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
(305) 755-9500


/s/ Michel O. Weisz
Michel O. Weisz
Florida Bar No.336939

January 25, 2008