UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L & T YACHT SALES, INC., | |
| Plaintiff, | BOSTON DIVISION |
| v. | C.A. No. 05-11682-MLW |
| POST MARINE CO., INC., | |
| Defendant. | |

**RESPONSE OF DEFENDANT POST MARINE CO., INC.
TO PLAINTIFF'S PRETRIAL MEMORANDUM**

Defendant Post Marine Co., Inc. ("Post") hereby responds to the pretrial memorandum filed by Plaintiff L & T Yacht Sales, Inc. ("L & T"):

**Response to Plaintiff's "Established Facts"**

1. Established Fact No. 2 ("Post sold the yacht to a private company") is objected to as it is not established and is incorrect.

2. Post objects to Established Fact No. 9 ("The repairs were not completed within the eight (8) months that Post had possession of the yacht") as it is not established and is incorrect.

3. Post objects to Established Fact No. 12 ("Post estimates that it would cost $279,000.00 to repair a yacht such as this one in question") as it is not established and is incorrect, as the actual cost of repairs is documented in the time sheets submitted by Post as evidence of the cost and value of the repairs.

### Response to Plaintiff's "Requested Amendment to the Pleadings"

On the eve of trial, L&T seeks for the first time to amend its Rule 26 (a)(1) disclosures to add a previously undisclosed witness[1]. L&T has filed no motion or memorandum in support, and has identified no grounds which would justify it being permitted to call previously undisclosed witnesses at trial. Post further relies on the points and authorities set forth in its previously-filed Motion to Exclude Testimony, Documents, Expert Witnesses and Undisclosed Witnesses. In addition, with respect to Plaintiff's suggestion that it only became aware of one or more witnesses after filing its initial disclosure, it should be noted that at no time prior to filing the pretrial memorandum on January 21, 2008, did Plaintiff supplement its Rule 26 disclosures, even though Rule 26(e)(1) specifically provides that "a party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

### Response to Plaintiff's Witness List

Post objects to Plaintiff's inclusion of the following witnesses listed in Plaintiff's pretrial memorandum and requests that these witnesses be precluded from testifying:

**1. William Catauro, Sr.**

Defendant objects on the grounds that this witness was not properly previously disclosed

---

[1] Although the "requested amendment" refers generically to "persons at Composites One, LLC," Plaintiff's pretrial memorandum contains a number of other previously undisclosed witnesses, in addition to Corbett Leach of Composites One.

pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006[2] or Fed. R. Civ. P. 26 (a)(1).

**2. Larry Soule**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness[3], not a fact witness.  Plaintiff seeks to call this witness "as to the estimated cost of repairs".  The estimated cost of repairs relates to the cost of repairing gel coat on a yacht.  This is not a matter within the ordinary factual knowledge of an individual, and does not relate to observed facts, recalled facts, or identity.  Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs.

**3. Marty Neimic**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness, not a fact witness.  Plaintiff seeks to call this witness "as to the

---

[2] Pursuant to the scheduling order of May 30, 2006, disclosures concerning the identity and subject matter of knowledge of witnesses pursuant to Local Rule 26.1 were due by June 9, 2006.
[3] Pursuant to the scheduling order of May 30, 2006, plaintiff's expert witness disclosures were due by December 15, 2006. No expert disclosure was made by plaintiff.

cracking of the gel coat." This is not a matter within the ordinary factual knowledge of an individual, and does not relate to observed facts, recalled facts, or identity. Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs. Also, it should be noted that the designation of the witness as "factual/rebuttal" is a transparent effort to characterize as a rebuttal witness an individual that Plaintiff seeks to call as part of his case-in-chief. [4]

**4. Eric Mobilia**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness, not a fact witness. Plaintiff seeks to call this witness "as to the cracking of the gel coat." This is not a matter within the ordinary factual knowledge of an individual, and does not relate to observed facts, recalled facts, or identity. Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs. Also, it should be noted that the designation of the witness as "factual/rebuttal" is a transparent effort to characterize as a rebuttal witness an individual that Plaintiff seeks to call as part of his case-in-chief. See footnote 2.

---

[4] It appears that Plaintiff believes that designating the witness as "rebuttal" will in some way excuse its failure to previously disclose the witness as required by the Court's Pre-Trial Scheduling Order issued May 30, 2006 and Fed. R. Civ. P. 26 (a)(1).

**5. Juan Beltran**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness, not a fact witness.  Plaintiff seeks to call this witness "as to the method and expense of repairing cracks due to the failure of 953 series gel coat." This is not a matter within the ordinary factual knowledge of an individual, and does not relate to observed facts, recalled facts, or identity.  Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs. Also, it should be noted that the designation of the witness as "factual/rebuttal" is a transparent effort to characterize as a rebuttal witness an individual that Plaintiff seeks to call as part of his case-in-chief.  See footnote 2.

**6. John Kasinski**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness, not a fact witness.  Plaintiff seeks to call this witness "as to the method and expense of repairing cracks due to the failure of  953 series gel coat."  This is not a matter within the ordinary factual knowledge of an individual, and does not relate to

observed facts, recalled facts, or identity. Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs. Also, it should be noted that the designation of the witness as "factual/rebuttal" is a transparent effort to characterize as a rebuttal witness an individual that Plaintiff seeks to call as part of his case-in-chief. See footnote 2.

**7. Corbett Leach**

Defendant objects on the grounds that this witness was not properly previously disclosed pursuant to any required disclosure (or any required supplement thereto) including the Court's Pre-Trial Scheduling Order issued May 30, 2006 or Fed. R. Civ. P. 26 (a)(1). In addition, contrary to the statement made in Plaintiff's pretrial memorandum, this witness is an expert witness, not a fact witness. Plaintiff seeks to call this witness "as to cracking of 953 series gel coat." This is not a matter within the ordinary factual knowledge of an individual, and does not relate to observed facts, recalled facts, or identity. Instead it requires specialized knowledge in the field of boat repairs, the time and materials and labor necessary to perform repairs, the basis of the repair, the extent, nature and manner of the repairs and, most importantly for this case, the underlying cause or reason necessitating the repairs.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**

1. Defendant objects to Exhibit No. 8 (Letter (Fax) dated July 14, 2004 from William Catauro, Sr. to Todd Hamilton) on the basis of hearsay and relevance.
2. Defendant objects to Exhibit No. 9 (Letter (Fax) dated August 6, 2004 from William

    Catauro, Sr. to Todd Hamilton) on the basis of hearsay and relevance.

3. Defendant objects to Exhibit No. 10 (Photos (105) depicting areas of yacht) on the basis of failure to disclose the photographs in a timely manner.

           Respectfully submitted,

           Howard M. Brown
           BBO #547948
           BARTLETT HACKETT FEINBERG P.C.
           155 Federal Street, 9th Floor
           Boston, MA 02110

           Michel O. Weisz
           BERGER SINGERMAN
           200 South Biscayne Boulevard, Suite 1000
           Miami, FL  33131
           (305) 755-9500


           /s/ Michel O. Weisz
           Michel O. Weisz
           Florida Bar No. 336939

**CERTIFICATE OF SERVICE**

I, Michel O. Weisz, Esquire this 25th day of January, 2008 certify that I gave notice of the within Response Of Defendant Post Marine Co., Inc. to Plaintiff's Pretrial Memorandum via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esq., Carmichael, Zajac & Fleury, P.C.

    Howard M. Brown
    BBO#547948
    BARTLETT HACKETT FEINBERG P.C.
    155 Federal Street, 9th Floor
    Boston, MA 02110

    Michel O. Weisz
    BERGER SINGERMAN
    200 South Biscayne Boulevard, Suite 1000
    Miami, FL 33131
    (305) 755-9500


    /s/ Michel O. Weisz
    Michel O. Weisz
    Florida Bar No.336939