**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

```
                                        )
L&T YACHT SALES, INC.,                  )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
POST MARINE CO., INC.                   )
                                        )
                                        )
```

## PLAINTIFF, L&T YACHT SALES, INC.'S TRIAL BRIEF

NOW COMES thePlaintiff, L&T Yacht Sales, Inc. (hereinafter "L&T") in the above-captioned matter and respectfully submits its Trial Brief, containing its proposed voir dire questions, jury instructions and Special Jury Verdict Form.

### I.    PROPOSED VOIR DIRE QUESTIONS

1. The plaintiff in this case is L & T Yacht Sales, Inc. Todd Hamilton is the president of L & T Yacht Sales, Inc. Do you know this business or Mr. Hamilton? If you have had dealings with this company or these people, what was the nature of those dealings? When did those dealings take place? Would your past dealings with the company or people have any affect on your ability to be impartial as a juror in this case?

2. The lawyer for the Plaintiff is John Zajac. Do you know the Plaintiff's attorney?

3. The defendant in this case is Post Marine Company, Inc. Kenneth Jensen is the president of Post Marine Company, Inc. Do you know this business or Mr. Jensen? If you have had dealings with this company or these people, what was the nature of those dealings? When did those

dealings take place? Would your past dealings with the company or people have any affect on your ability to be impartial as a juror in this case?

4. The defendant is represented by Michel Weisz and Howard Brown. Do you know the Defendant's attorneys?

5. Do you now work for or have you ever worked for Post Marine Company or a company that sold it products? If so, when did you work for the company and what was your position with the company? Would the fact that you worked for this company have any affect on your ability to be impartial as a juror in this case?

6. Do you know any of the following persons who may be called as witnesses in this case?

William Catauro, Sr. of Providence, RI 02908

Joseph Martorana and Cortez Marks of Post Marine Co., Inc., New Jersey

Larry Soule of Onset Bay Marine, Buzzard's Bay, MA 5.

Marty Neimic of Neimic Marine, New Bedford, MA

Eric Mobilia of Sharon, MA

Juan Beltran and John Kasinski of Viking Yacht Company, New Gretna, NJ

Corbett Leach of Composites One, LLC, Arlington Heights, IL

7.      There are many people on this jury panel. Do you recognize other members of the panel as being a close friend or associate? If so, who? What is your relationship with that person?

8. Have you heard or read or know anything about the subject matter of this trial?

9. Do you have any interest in this case or its outcome?

10. Have you expressed or formed an opinion as to any issue or outcome of this case?

11. Have you or any other member of your household been a party, either plaintiff or defendant, in a civil case that has that has been filed in the course of the past ten years? What was the nature of that case?

12. Have you ever been a witness in a case?

13. Has there been any experience in your personal life or the personal life of any member of your family that you believe would influence your judgment as a fair and impartial juror?

14. Have you any fixed ideas relative to anyone who files a lawsuit which would affect your judgment as a fair and impartial juror?

15. Have you any preconceived ideas about this type of case, a breach of contract case concerning repairs to a yacht, which would affect your judgment as a fair and impartial juror?

16. Have you or has any member of your immediate family or any close friend ever owned a yacht?

17. The plaintiff is this trial is a small company. It has brought suit against a larger company. Would the fact that this case involves two companies of differing size sway or influence your judgment to one side or another, or predispose you in favor of either the companies?

18. Have you ever worked in the field of boat or fiberglass repair? Do you have any specialized knowledge in the field of boat or fiberglass repair?

19.    Have you ever worked in the field of boat building? Do you have any specialized knowledge in the field of boat building?

20. Have you ever owned your own business or been self employed?

21. Have you ever served on jury before? Have you ever served as a juror on a criminal case? Do you understand that in a civil case the plaintiff only has the burden of proving his case by a preponderance of the evidence? Do you understand that the plaintiff does not have to prove his case beyond a reasonable doubt as in a criminal case?

22. Do you understand that in a civil case the defendant and not the plaintiff may be required to prove its defenses?

23. If, after you have considered all the evidence in this case and the court's instructions, you find that the plaintiff is entitled to a money judgment against the defendant, do you know of any reason why you could not join in a judgment awarding a money judgment to the plaintiff?

24. Do you have any limits in your mind as to the amount that you would be willing to award someone for the cost of repairing their boat?

25. Are you aware of any bias or prejudice in regard to this case which might affect its outcome? By bias or prejudice, I mean, do you favor either side or oppose either side for any reason whatsoever?

26. Will you be able to keep an open mind throughout the entire trial and not form any final opinion until the evidence closes and I have instructed you on the law?

27. Is there any reason why you cannot fairly and impartially reach a verdict in this case based solely on the evidence presented to you and accepting the law as I instruct you in regard to it?

28. Do you know of any reason why you cannot serve as a fair and impartial juror?

29. Do you know of any reason why it would not be appropriate for you to be a juror in this case?

## II.    **PROPOSED JURY INSTRUCTIONS**

### 1. FUNCTION OF THE JUDGE

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law.

It was obvious to me throughout the trial that you faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention, as I instruct you on the law.

My function as the judge in this case has been to see that this trial was conducted fairly, orderly and efficiently. It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case.

It is your duty as jurors to accept the law as I state it to you. You should consider all my instructions as a whole. You may not ignore any instruction, or give special attention to any one instruction. You must follow the law as I give it to you whether you agree with it or not.

You must take the law as I give it to you. You should not be concerned about the wisdom of any rule of law that I give you. Whatever your private opinions about what the law is or ought to be, it is your duty to base your verdict on the law as I define it to you.

If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion. Some matters may take longer to explain, but that is not a guide to their relative importance and is not an indication that I have an opinion on any issue in this case.

2. FUNCTION OF COUNSEL

It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence

is presented in a way that gives you a fair opportunity to evaluate its worth.

You should not draw any inference, favorable or unfavorable, to either attorney or its client for objecting to proposed evidence or asking me to make such rulings. That is the function and responsibility of the attorneys here.

3. FUNCTION OF THE JURY

Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you *do* accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved its case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or

objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the evidence.

## 4. SEPARATION OF THE JURY

You must not discuss the case with anyone, even with your fellow jurors, until all of the evidence has been presented, the final arguments have been made and I have instructed you on applicable law and the case is submitted to you. After it is submitted to you, you may discuss it only in the jury room with your fellow jurors.

It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you.

## 5. WHAT IS EVIDENCE; STIPULATIONS; JUDICIAL NOTICE

You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture. The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the

lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight—that is the value— that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved [his/her] case. You are not required to believe something simply because it is written on a piece of paper or appears in a photograph. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits. It is the *weight* of the evidence, its strength in tending to prove the issue at stake, that is important. You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers. You may not consider any item that was marked for identification but was never received in evidence as an exhibit. Anything that you may have seen or heard when the court was not in session is not evidence.

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions

of the parties. My instructions and anything that I have said in passing during the trial are not evidence. If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

Consider the evidence as a whole. Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## 6. EXCLUDED QUESTION

During this trial, it is the duty of the attorneys to object to evidence that may not be admissible under our rules of evidence.

If I "sustain" an objection - that is, if I do not allow the witness to answer - you are to disregard that question and you must not wonder or guess about what the answer might have been. An unanswered question is not evidence.

Please note also that a lawyer's question itself, no matter how artfully phrased, is not any evidence. A question can only be used to give meaning to a witness's answer. If a question includes any suggestions or insinuations, you are to ignore them unless I permit the witness to answer and the witness confirms those suggestions.

All of this comes down to a simple rule: testimony comes from the witnesses, not from the lawyers.

## 7. CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* he says it that might give you a clue whether or not to accept his version of an event as believable. You may consider a witness's character, his appearance and demeanor on the witness stand, his frankness or lack of frankness in testifying, whether his testimony is reasonable or unreasonable, probable or

improbable. You may take into account how good an opportunity he had to observe the facts about which he testifies, the degree of intelligence he shows, whether his memory seems accurate.

You may also consider his motive for testifying, whether he displays any bias in testifying, and whether or not he has any interest in the outcome of the case.

## 8. BURDEN OF PROOF

The standard of proof in a civil case is that a plaintiff must prove [his/her] case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is *not* required to prove [his/her] case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when [he/she] shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true.

9.    CONTRACT

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing.

Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent—that is, their agreement—to exchange promises. For example, in a contract for the purchase and sale of a house, the buyer promises to pay a certain amount of money to the seller on a certain date, and the seller promises to deliver to the buyer on that date a deed to the seller's house. Each party has agreed to exchange a promise for a promise by the other party.

Sometimes, the agreement is to exchange one party's promise for the other's performing, or refraining from performing, a particular action. For example, a homeowner promises a neighbor $20 if he will mow her lawn, and he does so. They have agreed to exchange the homeowner's promise to pay for the neighbor's action of mowing the lawn.

10.    FORMATION

The plaintiff must first prove that there is a binding contractual relationship between the parties.

A contract exists when the parties agree to terms and conditions of mutual promises. A contract may be based upon oral or written promises. There is no contract formed if only one party intends to be bound, or if the parties intend to be bound only at a later time.

Agreement can be shown by written or spoken words, or by some act or omission which is intended to communicate agreement, and which indicates to the other party (or parties) that it is intended to communicate agreement. The law presumes that a person intends the natural and probable consequences of his acts. An unexpressed intent to be bound to a contract does not create a binding contract.

In order to determine whether a binding contract existed in this case, you must decide whether the parties intended to agree to the contract's terms as of the time of the contract.

In order to prove the existence of a contract with the defendant, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

1.    that an offer was made;

2.    that the offer was accepted; and

3.    that the plaintiff and the defendant each gave up something of value, or promised to give up something of value. This is referred to under the law as "consideration."[1]

11. CONSIDERATION

Consideration is something that is given in exchange for an offer. To establish consideration, the plaintiff must prove a benefit to the maker of the promise, or a loss, trouble, or inconvenience to, or a charge or obligation resting upon, the party to whom the promise is made.

A contract without either consideration or a valid substitute for consideration is unenforceable.

12. SUBSTITUTE FOR CONSIDERATION

Detrimental reliance on a promise is a substitute for consideration. Thus, an offer or promise that the offeror should reasonably expect to induce action or forbearance of a substantial character by the other party before acceptance, and that does induce the other party to act or forbear, is enforceable as a contract to the extent necessary to avoid injustice.

When a promise is enforceable because of detrimental reliance, it is a contract, and it is enforceable in the same manner as any other contract.

13. Terms of Contract

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.[1]

## 14. UNAMBIGUOUS TERMS

If the contract itself is clear and complete, other evidence, such as prior or contemporaneous oral discussions or negotiations, is not relevant. In interpreting the provisions of a contract, you must construe and enforce unambiguous terms of the contract according to their plain meaning.

Parol evidence, that is, verbal or written evidence not contained in the written contract itself, is not admissible to supplement, contradict or vary the terms of the agreement where the terms of the contract are unambiguous.

## 15.    Ambiguous Terms

Sometimes the terms of a contract are ambiguous. A contract is considered ambiguous when its terms, or the words used, can reasonably support different interpretations.

You should consider the contract words used, the agreement as a whole, other documents relating to the transactions, what the parties said, and the surrounding facts and circumstances in order to determine what the ambiguous contract terms were intended to mean. This additional evidence is relevant to help you to ascertain the intent and expectations of the parties where the contract terms are ambiguous.

If terms are ambiguous, then those terms are interpreted against the party who drafted them. This means that in the case of doubt as to the contract's meaning, the instrument is to be read against the interest of the party that drafted it.

16.    BREACH OF CONTRACT

A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, the non-breaching party must have completely performed its obligations. Where one party to a contract has failed to perform its obligations, then as a matter of law the other party is thereafter excused from performing its contractual obligations.

In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1.    that there is a contract,

2.    that the party performed its obligations under the contract (or is excused from performance),

3.    that the other party breached the contract, and

4.    that the non-breaching party suffered damages as a result of the breach of contract.

17.   TIME FOR PERFORMANCE

When a contract does not specify the time for performance, a party has a reasonable period of time in which to perform. Failing to perform within the time specified in the contract, or within a reasonable amount of time if none is specified, would be a breach of the contract.

18.   PERFORMANCE BY DEFENDANT

There can be no breach of contract where the defendant has fully performed.

Where a plaintiff has accepted the benefit of the defendant's full performance, the plaintiff cannot then be heard to complain about the performance.

Where a person or entity contracts to perform services for another, it impliedly promises to perform the services in a reasonably diligent, skillful, workmanlike and adequate manner. The contract may be found to have been breached if it was performed negligently.

19. FULL PERFORMANCE

To recover for a breach of contract, a plaintiff must establish its full and complete performance of all obligations under the contract. However, a material breach of the contract by one party excuses further performance by the non-breaching party.

20. REMEDIES

If a party breaches a contract, then the non-breaching party has a right to elect a remedy to redress the breach. The type of breach must be considered in order to determine the remedies available to the non-breaching party.

There are two kinds of breach of contract—material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement.

An immaterial breach involves something which is not an essential feature of the contract.

If a party has materially breached the contract, then the non-breaching party is excused from further performance under the contract and may elect to rescind or cancel the contract, or it may affirm the contract and sue to recover for its damages.

However, if a party breaches a contract in a nonmaterial way, the injured party may be entitled to bring an action for damages, but it may not stop performing its obligations under the contract.[1]

21.   DAMAGES

The fact that I charge you on the measurement of damages is not, and should not be considered by you as any indication that I think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might

19

have to consider. If the plaintiff has not proven that the defendant breached the contract, then you will not consider the issue of damages.

If the defendant did breach the contract, you must then decide the amount of the plaintiff's damages, if any. Before the plaintiff can recover damages under any theory of recovery, it must prove that the defendant's breach caused damages.

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

The plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact.

An injured party is entitled to recover both general and special damages. General damages are those which flow according to common understanding as the natural and probable result of the breach.

Consequential damages result from special circumstances known or presumed to have been known to the parties.

The measure of damages awarded in a repair contract where the party performing the repairs fails to complete the job is the reasonable cost of completion and repair of the defective work in

20

accordance with the contract.

If defective work is repairable within the boundaries of reasonableness, the recovery should be based on the price of repairing the job. If not, the damages should be measured by the difference between the value of the work in disrepair and the value of the subject structure if satisfactorily completed according to the contract.

The law requires that you calculate damages within a reasonable degree of certainty, not an absolute degree of certainty. However, the damages you award should not be speculative. You should arrive at a figure within a reasonable range, a figure supported by the evidence and by inferences drawn from the evidence. Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that the plaintiff claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

In order to recover damages, a party must establish that [his/her] damages are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.

However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

22.    SPECIAL DAMAGES -- DELAY

If you find that the defendant wrongfully caused a delay in the performance of the contract and that the plaintiff did not contribute to that delay, then the plaintiff is entitled to recover damages attributable to the delay.

## III.        **PROPOSED SPECIAL VERDICT FORM**

1.    Was there a contract between L & T Yacht Sales and Post Marine?

YES _____        NO_____

If yes, answer the following question:

2.    Did Post Marine breach the terms of its contract with L & T Yacht Sales?

YES _____        NO_____

If yes, answer the following question:

3.    Was L & T Yacht Sales excused from further performance by Post Marine's breach of contract?

YES _____        NO_____

If your answer to the three preceding questions was yes, then you have found for the Plaintiff, L & T Yacht Sales. Therefore answer the following question:

4.    What amount of money would fairly compensate L & T Yacht Sales for Post Marine's breach of contract?

Write out amount in words: _____.

Write out amount numerically $_____.

Respectfully submitted,
The Plaintiff,
By its Attorneys,

/s/ *John E. Zajac*

John E. Zajac, Esquire BBO # 560195
CARMICHAEL & ZAJAC, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552

### CERTIFICATE OF SERVICE

I, John E. Zajac, Esquire this 25th day of January, 2008 I have given notice of the within, Plaintiff's Trial Brief by e-mail service, via the Court's CM/ECF system which sent notification of such filing to Howard M. Brown, Esquire, Bartlett Hackett Feinberg P.C., 155 Federal Street, 9th floor, Boston, MA 02110 and by facsimile and regular mail, postage pre-paid to Michel O. Weisz, Esquire at 200 South Biscayne Blvd, Suite 1000, Miami, FL 33131.

/s/ *John E. Zajac*

John E. Zajac, Esquire