UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
DOCKET NO. 05-11682

L & T YACHT SALES, INC.         )
PLAINTIFF,                      )
                                )
VS.                             )
                                )
POST MARINE CO., INC.,          )
DEFENDANT                       )
                                )

**PLAINTIFF, L & T YACHT SALES, INC.'S MEMORANDUM
IN SUPPORT OF ITS OPPOSITION TO
SUPPLEMENTAL MOTION FOR SUMMARY JUDGEMENT**

In its Supplemental Memorandum, the Defendant, Post Marine Co., Inc. ("Post") argues that the Plaintiff, L & T Yacht Sales, Inc.'s ("L & T") claim for breach of contract should be dismissed as there is "conclusive" evidence that there was no "meeting of the minds" with regard to the scope of repairs that Post would undertake to the L & T's boat. However, it is clear that Post agreed that "gel coat would be removed from entire surfaces, examples being, shelter sides, cockpit, forward deck, side decks, pulpit and hull to ensure consistency." See September 2, 2004 letter attached as Exhibit F to Defendant's Statement of Material Facts (Docket No. 22). The list of "examples" noted in Post's September 2, 2004 letter already indicates that the parties believed that a substantial portion of the boat would be stripped. However, Post did not remove gelcoat from entire surfaces, as stated. See, Deposition of Joseph Martorana, p. 19, ln. 11-15; (the sides of the hull) p. 19, ln. 16-18; (the bridge) p. 20, ln 3-7; (the interior of the bridge) p. 20, ln 7-8; (the hardtop) p. 20, ln 12-13; (the bottom of the boat) p. 21, ln. 14 - pg. 22, ln. 16,

1

attached as Exhibit E to L & T's Counter Statement of Material Fact (Docket No. 36) and *see,* Deposition of Cortez Marks, p. 19, ln. 14-16; (the back bulkhead) p. 20, ln. 7-8; (the dashboard) p. 20, ln. 22-23; (the hardtop) p. 20, ln. 24-25; (the bottom of the boat) p. 19, ln. 20-23, attached hereto as Exhibit F to L & T's Counter Statement of Material Fact (Docket No. 36) Nevertheless, rather than admitting that it failed to abide by the terms of its September 2, 2004 letter, Post argues that there was no meeting of the minds because L & T's president testified at his deposition that it was his impression that Post would strip the entire boat. This single quote from the deposition is taken out of context. Certainly there are parts of an "entire boat" that are not covered with gelcoat. The real questions would be whether Post would strip the surfaces where cracking had occurred and whether there were any gel coated surfaces of the boat that were not cracking. The Defendant conveniently omits the very next sentence that Hamilton spoke at his deposition in answer to the question whether his understanding was that Post would strip the entire boat. His *full* answer was as follows:

> That was my impression, yes. Anything that was cracked
> was going to be completely stripped.

See Deposition of Todd Hamilton attached to Defendant's Statement of Material Facts as Exhibit C, p. 65, ln. 3-5. Further, Hamilton was asked what areas of the boat were cracking. The questions and answers were as follow:

> Q   But that's what stripped means, that you would take
> the gel coat down to the [fiber]glass itself?
>
> A   Yeah. Most of the people use a tool called a peeler
> instead of a sander, and they peel off the gel coat.

> Q   Okay. And that would apply to the areas where the gel coat cracks were?
>
> A   Yeah, which would be the entire boat.
>
> Q   Okay. So you're saying that every area of the entire boat was cracked?
>
> A   Currently, you could find a crack anywhere except for where I repaired right now anywhere you want. You're welcome to come visit it.

See Deposition of Todd Hamilton attached to Defendant's Statement of Material Facts as Exhibit C, p. 65, ln. 15 to p. 66, ln. 6.

Thus, there was a meeting of the minds. Post would strip the entire surfaces where cracking occurred (the plain meaning of its September 2, 2004 letter). If all the of the boat surfaces covered by gelcoat were cracking, then Mr. Hamilton's impression that Post would strip the entire boat would be entirely consistent with Post's agreement. This is, at a minimum, a disputed issue of fact to be determined by the jury.

To the extent possible a contract should be interpreted "so as to make it a valid and enforceable undertaking rather than one of no force and effect." **Shayeb** v. **Holland**, 321 Mass 429 (1947). The Defendant asks this Court to do just the opposite: to interpret Post's agreement and subsequent failure to remove gelcoat from entire surfaces as indicating that it did not intend or promise to do so. Post then tries to put the blame on Mr. Hamilton because it was *his* impression that Post would strip the entire boat. If all of the gelcoat surfaces were cracking, then Mr. Hamilton had every right to this impression. That is what Post plainly agreed to do.

Notwithstanding the foregoing, if the Court should find that the Plaintiff's contract claim should be dismissed as a matter of law because there was no contract, it would then re-open the Plaintiff's negligence claim. The Court dismissed the L & T's claim for negligence in the repairs of its boat because the underlying claim was based on a contract (See Memorandum and Order (Docket No. 49) at p. 21-22). Should the Court now find, as a matter of law that no contract existed, then the Court should reverse its ruling on Count V and allow Plaintiff to proceed on its negligence theory, as the Defendant in undertaking the repairs would have owed a duty to the L &T, which L &T would argue was breached.

For the foregoing reasons, the Defendant's Supplemental Motion for Summary Judgment should be denied.

Respectfully submitted,
The Plaintiff,
By its Attorneys,

/s/ *John E. Zajac*
John E. Zajac, Esquire BBO # 560195
170 High Street
Taunton, MA 02780
(508) 821-2552

## CERTIFICATE OF SERVICE

I, John E. Zajac, Esquire this 1st day of February, 2008 have given notice of the within Plaintiff's Motion to Strike, by e-mail service, via the Court's CM/ECF system which sent notification of such filing to Howard M. Brown, Esquire, Bartlett Hackett Feinberg P.C., 155 Federal Street, 9th floor, Boston, MA 02110 and by regular mail, postage pre-paid to Michel O. Weisz, Esquire, BERGER SINGERMAN, 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131

/s/ *John E. Zajac*
John E. Zajac, Esquire