UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L & T YACHT SALES, INC.,, <br><br> Plaintiff, <br><br> v. <br><br> POST MARINE CO., INC.,, <br><br> Defendant. | BOSTON DIVISION <br> C.A. No. 05-11682-MLW |

### DEFENDANT POST MARINE CO., INC.'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE AND SUPPLEMENTAL MOTION TO EXCLUDE EVIDENCE

Pursuant to the Court's order of February 4, 2008, Defendant Post Marine Co., Inc. ("Post") hereby files this memorandum in support of its Supplemental Motion to Exclude Evidence (docket number 53) and its Motion to Exclude Evidence (docket number 23).

**I.   PROCEDURAL BACKGROUND**

L&T Yacht Sales, Inc. ("L&T), a boat purchaser, originally brought a five count complaint against Post Marine Co., Inc. ("Post"), the boat's manufacturer, for breach of contract, fraudulent and negligent misrepresentation, breach of implied warranty, and negligence. Todd Hamilton ("Hamilton") is L&T's sole officer and shareholder. *See* Complaint, ¶ 2.

On or about June 1, 2007, Post filed a motion with this Court (DE 23) and memorandum of law in support (DE 24) (the "Motion to Exclude") requesting that the Court enter an order precluding the Plaintiff from  (1) calling any witnesses other than those listed in the Plaintiff's initial disclosure; (2) presenting any evidence of damages; or (3) offering any expert testimony.

The grounds for the Motion to Exclude are that L&T failed to provide required discovery and required disclosures of fact witnesses, expert witness and documents prior to the deadlines imposed by this Court's May 30, 2006 scheduling order, despite the order's clear mandates and despite specific discovery requests propounded on L&T seeking the information.

Post also filed a motion for summary judgment, arguing that because the repairs were made gratuitously, L&T could not have suffered damages as matter of law since: (1) L&T paid no consideration to bind the "agreement" to repair; (2) any repairs made would not have damaged L&T but instead, conferred a benefit on L&T; and (3) L&T failed to produce any documents during discovery related to damages and failed to identify any fact or expert witness who could testify as to the measure of damages. On or about December 27, 2007, this Court granted summary judgment in Post's favor on all counts except for Count I, breach of contract.

However, it appears that the Court recognized the legal deficiency of L&T's contract claim because the Court declined to enter summary judgment in Post's favor on the question of whether L & T could prove the required element of damages, based solely on the possibility that Mr. Hamilton's loss of enjoyment of the boat while it was being repaired, could satisfy the legal standard. "The court assumes, without finding, that evidence of Hamilton's loss of enjoyment of his boat would satisfy the requirement that a meritorious action for breach of contract include evidence of damages. Michelson, 167 F.3d at 720. There may be no other admissible evidence of damages." *See* Memorandum and Order, 12/27/07, p. 14, fn. 1. (DE49).

With respect to Post's June 1, 2007 Motion to Exclude, "the court reserves ruling on Post's Motion to Exclude Testimony, Documents, Expert Witnesses and Undisclosed Witnesses & Supporting Exhibits (Docket No. 23). If Post wishes to maintain its motion, the court will

address it prior to trial." *See* Memorandum and Order, 12/27/07, p. 22. (DE 49). By letter dated January 11, 2008 (docket entry 51), Post requested that the Court address the Motion to Exclude.

Thereafter, Post filed a <u>supplemental</u> motion to exclude evidence of damages, to specifically address the issue raised in footnote 1 of the December 27, 2007 memorandum, as it relates to "evidence of Hamilton's loss of enjoyment," because Hamilton's personal loss of enjoyment of the use of the boat is irrelevant to the corporate plaintiff's claim of damages.[1]

## II.     REASONS TO EXCLUDE EVIDENCE OF DAMAGES.

**A.     This Court should enter an order excluding evidence of damages due to L&T's willful failure to comply with this Court's orders and applicable court rules mandating disclosure of fact witnesses, expert witnesses and documents.**

On or about May 30, 2006, this Court entered a Scheduling Order requiring that the parties make by June 9, 2006 the automatic disclosures required by Local Rules 26.1(B)(1)(plaintiff required to serve a sworn statement itemizing damages and identifying all witnesses known to plaintiff or its counsel), 26.1(B)(1) (2)(sworn statement from defendant identifying witnesses known to defendant or counsel), 26.2(A)(requiring disclosure of materials required by Fed. R. Civ. P. 26(A)(1)[2], and 35.1 (medical information, not applicable here). The Scheduling Order further required that the Plaintiff, by December 15, 2006, designate experts and disclose information pursuant to Fed.R.Civ.P. 26(a)(2).

On May 24, 2006 Plaintiff served its initial disclosure, listing only the following fact witnesses: Todd Hamilton; Ken Jensen; Composites One, LLC.; Curran Composites; and Total

---

[1] Defendant's supplemental motion to exclude was intended to relate back to its original motion. The supplemental motion included citations to relevant authority.

[2] Fed. R. Civ. P. 26(A)(1) (1) requires a number of different initial disclosures, including : "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;" and "a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Composites, Inc. A copy of the disclosure is attached as Exhibit "B" to the June 2007 Motion to Exclude (docket number 23).

Despite the plain language of the Court's order and Local Rule 26.1(B), Plaintiff never provided a sworn statement concerning its economic loss or any computation of damages for which discovery was sought; nor did Plaintiff designate any witnesses or evidence regarding damages or designate any expert witnesses.

On May 30, 2006 Defendant served a Request for Production of Documents on Plaintiff. Request No. 1 specifically requests "all documents that in any way relate to, will be relied on, or will be used by Plaintiff to in any way substantiate, demonstrate, establish or proof any damages which Plaintiff is asserting were suffered by it." Only three letters were produced in response to the request for production, none of which are responsive to the request. These letters are attached as Exhibit L to the Post's Statement of Material Facts (docket number 22).

On March 13, 2007, Defendant served a Notice of Taking Deposition scheduling the deposition of Plaintiff L&T Yacht Sales, Inc., by and through its corporate representative. Pursuant to Fed. R. Civ. P. 30(b)(6), the deposition notice designated the areas on which the corporate representative was to be examined.[3] The deposition notice specifically stated that the corporate representative would be examined concerning "the damages the Plaintiff claims."

At the deposition of L&T's corporate representative Todd Hamilton testified:

> Q. Okay. What damages are you claiming in this lawsuit?
> A. The loss of the sale of the boat and the damages to repair it and the carrying cost.
>
> Q. Okay. How much do you claim for the loss of the sale of the boat.
> A. I'd have to sit down and figure it out now that it's been three years.
>
> Q. Okay. Do you have an estimate?

---

[3] A copy of the deposition notice is attached as Exhibit "F" to the June, 2007 Motion to Exclude, docket number 23.

> A. I don't. I haven't really sat down; no one has asked me to sit down and put a number together yet.

See, Deposition of Todd Hamilton, p. 22, ln. 4-16, attached as Exhibit C to the Statement of Material Facts, docket number 22.[4]

> Q. How much is the value of the work that has been done?
> A. I don't know. They didn't break it down in sections. I would have to ask them to come out and redo the estimate for the section.

See Deposition of Todd Hamilton, p. 23, ln. 6-10, attached as Exhibit C to the Statement of Material Facts.

> Q. How much have you paid?
> A. Oh, I don't know exactly to date with materials and stuff. I could get it for you.
>
> Q. What are you claiming are the carrying costs?
> A. Again, I'd have to sit down and figure out what my costs are to carry it.

See Deposition of Todd Hamilton, p. 23, ln. 14-19 attached as Exhibit C to the Statement of Material Facts.

Finally, Mr. Hamilton revealed he had not done anything in order to prepare for his deposition.

> Q. Did you do anything today to prepare for today's deposition?
> A. No.
> Q. Did you review the complaint?
> A. No.
> Q. Did you review any documents?
> A. No.
> Q. Did you review the notice of taking deposition?
> A. No.
> Q. Did you review the complaint?
> A. No.
> Q. Have you ever read the complaint?
> A. I probably have at one point a long time ago.

---

[4] L&T has provided no documents or evidence of such losses, nor disclosed any witness who would testify as to such matters.

*See* Deposition of Todd Hamilton, p. 13, ln. 18-23, p. 14, 6 attached as Exhibit C to the Statement of Material Facts, docket 22.

These discovery responses were never updated or supplemented as required by Fed.R.Civ.P. 26(e). However, on January 22, 2008 Plaintiff filed its Pretrial Memorandum. In that document, it listed for the first time the following witnesses: William Catauro, Joe Martorana, Cortez Marks, Larry Soule, Marty Neimec, Eric Mobilia, Juan Beltran, John Kasinski, and Corbett Leach.

L&T should not be allowed at the eleventh (and a half) hour to produce for the first time evidence of damages or designate expert witnesses after ignoring Rule 2, this Court's scheduling order and the propounded discovery requests. Doing so would reward L&T's recalcitrant behavior to Post's extreme prejudice and detriment.

Fed. R. Civ. P. 37(c)(1) provides specific and mandatory sanctions for failure to comply with the automatic disclosures required by Rule 26: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir.,1998)(Rule 37(c) "is mandatory" and "the required sanction in the ordinary case is mandatory preclusion"); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 -36 (1st Cir. 2001)(affirming decision to exclude expert testimony due to failure to comply with the automatic disclosure rule of Rule 26(a)); *Samos Imex Corp. v. Nextel Co.*, 194 F.3d 301, 305 (1st Cir.1999) (citing Rule 37(c) as authority for the proposition that "as amended, the civil procedure rules make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule

26(a)"); *Sears Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10, 18 n. 7 (1st Cir.1997) (affirming the district court's exclusion under Rule 37(c) of expert testimony because the proffering party failed to disclose the expert's identity in the beginning of the litigation, although the identity was later disclosed);

In this case, no reason has been presented as to why Plaintiff did not properly or timely disclose witnesses as required by Fed.R.Civ.P. 26, applicable local rules and this Court's order. Nor is there any reasonable explanation for its failure to disclose experts (and their opinions) pursuant to this Court's scheduling order, and its failure to produce documents and witnesses concerning damages.

**B.     L&T has suffered no damages as a matter of law and there is no admissible evidence of such damages.**

In its memorandum and order of December 27, 2007, this Court recognized that "[t]he elements of a cause of action for breach for contract are: the existence of a contract; its breach by the defendant; and damages." *See* memorandum and order, p. 9. (DE 49). Post continues to dispute that a contract existed between the parties. But assuming *arguendo* the existence of a contract, L&T did not suffer damages as a matter of law and L & T has not admissible evidence of such damages.

It is undisputed from the record that L&T did not pay Post a single cent for the repair of the boat and that all repairs were made gratuitously. *See* Deposition of Todd Hamilton, p. 32, ln. 22-23, p. 33, ln. 1 attached as Exhibit C to the Statement of Material Facts.

L&T could not have suffered diminished value to the boat because the repairs made added value to the boat. *See, generally, Given v. Commerce Ins. Co.*, 440 Mass. 207, 796 N.E.2d 1275 (2003). There is no admissible expert testimony that Post (1) did not provide the repairs

promised; (2) that there are any further repairs needed because Post did not complete the repairs; or that (3) even if further repairs were needed, the cost of such repairs.[5]

Nor is there any pleading or evidence that Post exacerbated the problems with the boat's gel coat or that Post created additional problems.

Also, it was L&T itself that ordered Post to stop performing the requested repairs prior to their completion. *See*, Deposition of Todd Hamilton, p. 51, ln. 14-20 attached as Exhibit C to the Statement of Material Facts. Thus, L&Ts "damages" are not attributable to Post because L&T did not allow Post to complete the repairs by virtue of the fact it commanded Post to stop repairing the boat. *See, generally, Frank Fitzgerald Inc. v. Pacella Bros, Inc.*, 2 Mass.App.Ct. 240, 310 N.E.2d 379 (1974).

Although Plaintiff may claim it "lost" the sale of the boat there is no admissible evidence to support that claim. There is no purchase and sale agreement, and the only indicia of a proposed sale is both inadmissible hearsay and subject to exclusion due to failure to comply with this Court's order and applicable rules. Moreover, Plaintiff failed to present testimony of the existence of a valid contract or the claimed damages suffered.

**C.     Todd Hamilton's individual loss of use is irrelevant to Plaintiff's claim.**

L&T is a Rhode Island corporation. *See* complaint ¶ 1. Under Massachusetts law: "A corporation is an independent legal entity, separate and distinct from its shareholders, officers, and employees. Corporations may not 'assume the benefits of the corporate form and then disavow that form when it is to their and their stockholders' advantage." *See Spaneas v.*

---

[5] Post asserts that the cause of cracking, the efficacy of any repairs and the costs to repair any gel coat cracking are uniquely subjects of expert testimony and cannot be addressed by M. Hamilton. *See* FRE 701 providing in pertinent part: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are…not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The cause of gel coat cracking, the extent of the cracking and the method and costs of repairs are specifically not matters within the ordinary knowledge of non-experts.

*Travelers Indem. Co*., 423 Mass. 352, 668 N.E.2d 325, 326 (1996) (internal citations and quotations omitted).

Accordingly, Todd Hamilton's inability to use L&T's boat (and any loss of enjoyment) is purely personal to him and therefore a non-issue in this case,[6] and it cannot as a matter of law be used to satisfy the requirement that L & T plead and prove damages. Accordingly this Court should enter an order excluding evidence of the same. For the same reason, Post is entitled to the entry of summary judgment.

**III. CONCLUSION**

Based on the foregoing, Defendant Post Marine Co., Inc. respectfully requests that its previously filed motion to exclude and supplemental motion to exclude be allowed and that the Court enter an order excluding any evidence on the issue of damages.

    Respectfully submitted,

    Howard M. Brown
    BBO #547048
    BARTLETT HACKETT FEINBERG P.C.
    155 Federal Street, 9th Floor
    Boston, MA 02110
    (617) 422-0200

    Michel O. Weisz
    BERGER SINGERMAN
    200 South Biscayne Boulevard, Suite 1000
    Miami, FL 33131
    (305) 755-9500

---

[6] No documents or contracts have been produced during discovery, or attached to L&T's motion for summary judgment demonstrating any legal requirement that L&T provide a boat to Todd Hamilton for his personal use. In addition there is no expert testimony to quantify the value of the lost use of the boat.

/s/ Michel O. Weisz
Michel O. Weisz
Florida Bar No. 336939

## CERTIFICATE OF SERVICE

I, Michel O. Weisz, Esquire this 6th day of February, 2008 served the within Defendant Post Marine Co., Inc.'s Memorandum In Support of Motion to Exclude Evidence and Supplemental Motion to Exclude Evidence by e-mail service, via the Court's CM/ECF system which sent notification of such filing to John E. Zajac, Esquire, Carmichael, Zajac & Fleury, P.C.

Howard M. Brown
BBO #547948
BARTLETT HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
(617) 422-0200

Michel O. Weisz
BERGER SINGERMAN
200 South Biscayne Boulevard, Suite 1000
Miami, FL  33131
(305) 755-9500


/s/ Michel O. Weisz
Michel O. Weisz
Florida Bar No.336939