## UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
L&T YACHT SALES, INC.,              )
              Plaintiff,            )
                                    )
v.                                  )
                                    )
POST MARINE CO., INC.               )
                                    )
                                    )
```

## PLAINTIFF, L&T YACHT SALES, INC.'S PROPOSED JURY INSTRUCTIONS

NOW COMES the Plaintiff, L&T Yacht Sales, Inc. (hereinafter "L&T") in the above-captioned matter and respectfully submits its Trial Brief, containing its proposed voir dire questions, jury instructions and Special Jury Verdict Form.

Respectfully submitted,
The Plaintiff,
By its Attorneys,

/s/ John E. Zajac
John E. Zajac, Esquire BBO # 560195
CARMICHAEL & ZAJAC, P.C.
170 High Street
Taunton, MA 02780
(508) 821-2552

1

## CERTIFICATE OF SERVICE

I, John E. Zajac, Esquire this 14th day of February, 2008 I have given notice of the within, Plaintiff's Trial Brief by e-mail service, via the Court's CM/ECF system which sent notification of such filing to Howard M. Brown, Esquire, Bartlett Hackett Feinberg P.C., 155 Federal Street, 9th floor, Boston, MA 02110 and by email to Michel O. Weisz, Esquire at 200 South Biscayne Blvd, Suite 1000, Miami, FL 33131.

/s/ John E. Zajac

John E. Zajac, Esquire

## 1. FUNCTION OF THE JUDGE

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law.

It was obvious to me throughout the trial that you faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention, as I instruct you on the law.

My function as the judge in this case has been to see that this trial was conducted fairly, orderly and efficiently. It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case.

It is your duty as jurors to accept the law as I state it to you. You should consider all my instructions as a whole. You may not ignore any instruction, or give special attention to any one instruction. You must follow the law as I give it to you whether you agree with it or not.

You must take the law as I give it to you. You should not be concerned about the wisdom of any rule of law that I give you. Whatever your private opinions about what the law is or ought to be, it is your duty to base your verdict on the law as I define it to you.

If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion. Some matters may take longer

to explain, but that is not a guide to their relative importance and is not an indication that

I have an opinion on any issue in this case.

Georgia v. Brailsford, 3 U.S. (3 Dall.) 1, 4 (1794) (Jay, C.J.) (judge determines law, while jury decides facts); Commonwealth v. Wilson, 381 Mass. 90, 118-19, 407 N.E.2d 1229, 1247 (1980) (judge must be the trial's "directing and controlling mind"); Commonwealth v. Sneed, 376 Mass. 867, 870, 383 N.E.2d 843, 845 (1978) (judge must instruct on applicable law, and may state evidence and discuss possible inferences neutrally); Pfeiffer v. Salas, 360 Mass. 93, 99-101, 271 N.E.2d 750, 754-55 (1971) (judge must instruct in language understandable to jurors from all walks of life); Commonwealth v. Brady, 357 Mass. 213, 214-15, 257 N.E.2d 465, 466 (1970) (questions of law are for judge); Commonwealth v. Carson, 349 Mass. 430, 435, 208 N.E.2d 792, 795 (1965) (judge must state applicable law correctly); Commonwealth v. Davis, 271 Mass. 99, 100-01, 170 N.E. 924, 925 (1930) (sentencing is judge's responsibility alone); Commonwealth v. Anthes, 5 Gray 185, 208-09, 221, 236 (1855) (jury must follow law as stated by judge); Commonwealth v. Porter, 10 Metc. 263, 286-87 (1845) (judge must superintend trial, rule on evidence and instruct on law); Commonwealth v. Knapp, 10 Pick. 477, 495 (1830) (questions of admissibility of evidence are for judge); Commonwealth v. Carney, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694 (1991) (approving charge not to use judge's questions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); Commonwealth v. Kane, 19 Mass.App.Ct. 129, 138, 472 N.E.2d 1343, 1349 (1985) (judge may give jury a neutral precis of the evidence). See also Commonwealth v. Murray, 396 Mass. 702, 705-710, 488 N.E.2d 415, 417-20 (1986).

## 2. FUNCTION OF COUNSEL

It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.

You should not draw any inference, favorable or unfavorable, to either attorney or its client for objecting to proposed evidence or asking me to make such rulings. That is the function and responsibility of the attorneys here.

The model instruction is adapted in part from L. B. Sand, J. S. Siffert, W. P. Loughlin and S.A. Reiss, Modern Federal Jury Instructions §§ 2-10 and 2-9 (1985).

## 3. FUNCTION OF THE JURY

Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you *do* accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved its case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your

verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the

evidence.

Commonwealth v. Smith, 387 Mass. 900, 909-10, 444 N.E.2d 374, 381 (1982) (verdict must be based on evidence and not sympathy); Commonwealth v. Fitzgerald, 376 Mass. 402, 424, 381 N.E.2d 123, 138 (1978) (verdict may not be based on sympathy for victim or general considerations); Commonwealth v. Clark, 292 Mass. 409, 411, 198 N.E. 641, 643 (1935) (jury should be both impartial and courageous); Commonwealth v. Anthes, 5 Gray 185, 197-98 (1855) (jury's judgment is conclusive of facts in case); Commonwealth v. Carney, 31 Mass.App.Ct. 250, 254, 576 N.E.2d 691, 694 (1991) (approving charge not to use judge's questions or statements to determine how judge feels case should be decided, since judge has no right to interfere with jury's duty to find the facts and determine where the truth lies); Commonwealth v. Ward, 28 Mass.App.Ct. 292, 296, 550 N.E.2d 398, 401 (1990).

4. SEPARATION OF THE JURY

You must not discuss the case with anyone, even with your fellow jurors, until all of the

evidence has been presented, the final arguments have been made and I have instructed

you on applicable law and the case is submitted to you. After it is submitted to you, you

may discuss it only in the jury room with your fellow jurors.

It is important that you keep an open mind and not decide any issue in the case until the

entire case has been submitted to you.

Such an instruction should be given on any separation of the jury before the case is
submitted for the jury's consideration. Commonwealth v. Benjamin, 369 Mass. 770, 772,
343 N.E.2d 402, 404 (1976). See Commonwealth v. White, 147 Mass. 76, 80, 16 N.E.
707, 711 (1888); Jury Trial Manual for Criminal Offenses Tried in the District Court §
2.62.

Once the jury begins to deliberate, whenever the judge permits the jurors to separate
(including separation for lunch), Mass.R.Crim.P. 20(e)(2) requires that the jury be given
a definite time to reassemble in the courtroom before retiring for further deliberations.
Commonwealth v. Hearn, 31 Mass.App.Ct. 707, 712-13, 583 N.E.2d 279, 283 (1991);
Commonwealth v. Ford, 20 Mass.App.Ct. 575, 579, 481 N.E.2d 534, 536-37 (1985).

5. WHAT IS EVIDENCE; STIPULATIONS; JUDICIAL NOTICE

You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture. The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight—that is the value—that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved [his/her] case. You are not required to believe something simply because it is written on a piece of paper or appears in a photograph. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits. It is the *weight* of the evidence, its strength in tending to prove the issue at stake, that is important. You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from

the record and told you to disregard. Do not consider such answers. You may not consider any item that was marked for identification but was never received in evidence as an exhibit. Anything that you may have seen or heard when the court was not in session is not evidence.

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties. My instructions and anything that I have said in passing during the trial are not evidence. If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

Consider the evidence as a whole. Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

The model and supplemental instructions are based in part on Manual of Model Jury Instructions for the Ninth Circuit, Instructions 1.04, 1.05, 2.03, 2.04 and 2.05 (1985 ed.) It is the jury's responsibility to determine the weight to be given testimonial evidence (see § 1.11, Credibility of Witnesses, below) or physical evidence. Commonwealth v. LaCorte, 373 Mass. 700, 702, 369 N.E.2d 1006, 1008 (1977). In defining what the jury may consider as evidence, the judge should avoid any slip of the tongue that suggests that only credible testimony constitutes evidence. See Commonwealth v. Gaeten, 15 Mass.App.Ct. 524, 531, 446 N.E.2d 1102, 1107 (1983).

6. EXCLUDED QUESTION

During this trial, it is the duty of the attorneys to object to evidence that may not be admissible under our rules of evidence.

If I "sustain" an objection - that is, if I do not allow the witness to answer - you are to disregard that question and you must not wonder or guess about what the answer might have been. An unanswered question is not evidence.

Please note also that a lawyer's question itself, no matter how artfully phrased, is not any evidence. A question can only be used to give meaning to a witness's answer. If a question includes any suggestions or insinuations, you are to ignore them unless I permit the witness to answer and the witness confirms those suggestions.

All of this comes down to a simple rule: testimony comes from the witnesses, not from the lawyers.

Commonwealth v. Repoza, 382 Mass. 119, 131, 414 N.E.2d 591, 598 (1980); Commonwealth v. Paradiso, 368 Mass. 205, 208 n.2, 330 N.E.2d 825, 827 n.2 (1975); Commonwealth v. Bailey, 12 Mass.App.Ct. 104, 106 n.2, 421 N.E.2d 791, 793 n.2 (1981).

7. CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* he says it that might give you a clue whether or not to accept his version of an event as believable. You may consider a witness's character, his appearance and demeanor on the witness stand, his frankness or lack of frankness in testifying, whether his testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity he had to observe the facts about which he testifies, the degree of intelligence he shows, whether his memory seems accurate.





## 7. CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* he says it that might give you a clue whether or not to accept his version of an event as believable. You may consider a witness's character, his appearance and demeanor on the witness stand, his frankness or lack of frankness in testifying, whether his testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity he had to observe the facts about which he testifies, the degree of intelligence he shows, whether his memory seems accurate.

You may also consider his motive for testifying, whether he displays any bias in
testifying, and whether or not he has any interest in the outcome of the case.

The credibility of witnesses is always a jury question, Lupia v. Marino, 353 Mass. 749,
749, 231 N.E.2d 16, 16 (1967) (rescript opinion); Commonwealth v. Sabean, 275 Mass.
546, 550, 176 N.E. 523, 524 (1931); Commonwealth v. Bishop, 9 Mass.App.Ct. 468,
471, 401 N.E.2d 895, 898 (1980), and no witness is incredible as a matter of law,
Commonwealth v. Hill, 387 Mass. 619, 623-24, 442 N.E.2d 24, 27-28 (1982);
Commonwealth v. Haywood, 377 Mass. 755, 765, 388 N.E.2d 648, 654-55 (1979).
Inconsistencies in a witness's testimony are a matter for the jury, Commonwealth v.
Clary, 388 Mass. 583, 589, 447 N.E.2d 1217, 1220-21 (1983); Commonwealth v.
Dabrieo, 370 Mass. 728, 734, 352 N.E.2d 186, 190 (1976), Rintone v. Mass. Bay Transp.
Auth., 3 Mass.App.Ct. 759, 759, 329 N.E.2d 139 (1975) (rescript) (citing Garland v.
Stetson, 292 Mass. 95, 97-98, 197 N.E.2d 679 (1935)). which is free to accept testimony
in whole or in part, Commonwealth v. Fitzgerald, 376 Mass. 402, 411, 381 N.E.2d 123,
131 (1978). Disbelief of a witness is not affirmative evidence of the opposite proposition.
Commonwealth v. Swartz, 343 Mass. 709, 713, 180 N.E.2d 685, 687 (1962).

The credibility of witnesses turns on their ability and willingness to tell the truth.
Commonwealth v. Widrick, 392 Mass. 884, 888, 467 N.E.2d 1353, 1356 (1984). The
third paragraph of the model instruction lists those factors that have been recognized as
relevant to this determination. See Commonwealth v. Coleman, 390 Mass. 797, 802, 461
N.E.2d 157, 160 (1984). These were affirmed as correct and adequate in Commonwealth
v. A Juvenile, 21 Mass.App.Ct. 121, 124 & n.5, 485 N.E.2d 201, 203 & n.5 (1985).
However, the judge is not required to mention the witnesses' capacity to recall and relate,
since that approaches the matter of competence, which is for the judge. Commonwealth
v. Whitehead, 379 Mass. 640, 657 n.20, 400 N.E.2d 821, 834 n.20 (1980).

In charging on credibility, the judge should avoid any suggestion that only credible
testimony constitutes evidence. See Commonwealth v. Gaeten, 15 Mass.App.Ct. 524,
531, 446 N.E.2d 1102, 1107 (1983).





8. BURDEN OF PROOF

The standard of proof in a civil case is that a plaintiff must prove [his/her] case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is *not* required to prove [his/her] case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when [he/she] shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true.

Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940).

9.    CONTRACT

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing.

Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent—that is, their agreement—to exchange promises. For example, in a contract for the purchase and sale of a house, the buyer promises to pay a certain amount of money to the seller on a certain date, and the seller promises to deliver to the buyer on that date a deed to the seller's house. Each party has agreed to exchange a promise for a promise by the other party.

Sometimes, the agreement is to exchange one party's promise for the other's performing, or refraining from performing, a particular action. For example, a homeowner promises a neighbor $20 if he will mow her lawn, and he does so. They have agreed to exchange the homeowner's promise to pay for the neighbor's action of mowing the lawn.

10.    FORMATION

The plaintiff must first prove that there is a binding contractual relationship between the parties.

A contract exists when the parties agree to terms and conditions of mutual promises. A contract may be based upon oral or written promises. There is no contract formed if only one party intends to be bound, or if the parties intend to be bound only at a later time.

Agreement can be shown by written or spoken words, or by some act or omission which is intended to communicate agreement, and which indicates to the other party (or parties) that it is intended to communicate agreement. The law presumes that a person intends the natural and probable consequences of his acts. An unexpressed intent to be bound to a contract does not create a binding contract.

In order to determine whether a binding contract existed in this case, you must decide whether the parties intended to agree to the contract's terms as of the time of the contract.

Adapted from 3 E. Devit et al., *Federal Jury Practice and Instructions,* § 87.01 at 378 (4th ed. 1987).

Canney v. New England Tel. & Tel. Co., 353 Mass. 158, 164, 228 N.E.2d 723, 727 (1967); Guarino v. Zyfers, 9 Mass.App.Ct. 874, 401 N.E.2d 857 (1980); David J. Tierney, Jr., Inc. v. T. Wellington Carpets, Inc., 8 Mass.App.Ct. 237, 241, 392 N.E.2d 1066, 1069–70 (1979); Restatement (Second) of Contracts §§ 1–5.

In order to prove the existence of a contract with the defendant, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

1.      that an offer was made;

2.      that the offer was accepted; and

3.      that the plaintiff and the defendant each gave up something of value, or promised to give up something of value. This is referred to under the law as "consideration."

Quinn v. State Ethics Comm'n, 401 Mass. 210, 216, 516 N.E.2d 124, 127 (1987); David J. Tierney Jr., Inc. v. T. Wellington Carpets, Inc., 8 Mass.App.Ct. 237, 239–41, 392 N.E.2d 1066, 1068–69 (1979).

11. CONSIDERATION

Consideration is something that is given in exchange for an offer. To establish consideration, the plaintiff must prove a benefit to the maker of the promise, or a loss, trouble, or inconvenience to, or a charge or obligation resting upon, the party to whom the promise is made.

Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 366, 540 N.E.2d 691, 692 (1989); Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 763, 384 N.E.2d 176, 180 (1978); Marine Contractors Co. v. Hurley, 365 Mass. 280, 286, 310 N.E.2d 915, 919 (1974); Cottage St. M.E. Church v. Kendall, 121 Mass. 528, 529–30 (1876).

A hope of a future benefit or a promise to contract in the future without any present agreement for that benefit is not valid consideration.

Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706, 592 N.E.2d 1289, 1292 (1992) (noting that a promise made with an understood intention that it is not to be legally binding, but only expressive of a present intention, is not a contract); Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 368, 540 N.E.2d 691, 693–94 (1989) (holding that an oral promise to donate money to a synagogue lacked consideration and was unenforceable); Graphic Arts Finishers, Inc. v. Boston Redev. Auth., 357 Mass. 40, 42–43, 255 N.E.2d 793, 795–96 (1970) (stating that a promise that binds one to do nothing at all is illusory and cannot be consideration); Rosenfield v. United States Trust Co., 290 Mass. 210, 216, 195 N.E.2d 323, 325 (1935).

A contract without either consideration or a valid substitute for consideration is unenforceable.

Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 368, 540 N.E.2d 691, 693–94 (1989); O'Connor v. National Metals Co., 317 Mass. 303, 306, 58 N.E.2d 153, 154–56 (1944); Bliss v. Negus, 8 Mass. 46, 51 (1811). See also Gill v. Richmond Co-Op Ass'n, 309 Mass. 73, 34 N.E.2d 509 (1941); Jurgens v. Abraham, 616 F.Supp. 1381, 1387 (D.Mass. 1985) (applying Massachusetts law).

12. SUBSTITUTE FOR CONSIDERATION

Detrimental reliance on a promise is a substitute for consideration. Thus, an offer or promise that the offeror should reasonably expect to induce action or forbearance of a substantial character by the other party before acceptance, and that does induce the other party to act or forbear, is enforceable as a contract to the extent necessary to avoid injustice.

When a promise is enforceable because of detrimental reliance, it is a contract, and it is enforceable in the same manner as any other contract.

Loranger Constr. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 760–61, 384 N.E.2d 176, 179–80 (1978) (citing Restatement (Second) of Contracts § 89B(2) & Illus. 6 (Tent. Drafts Nos. 1–7, 1973) and noting that this principle comports with "traditional contract theory antedating the modern doctrine of consideration."). See also Rhode Island Hosp. Trust v. Varadian, 419 Mass. 841, 848, 647 N.E.2d 1174, 1178 (1995).

13. Terms of Contract

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.

Kravetz v. Merchants Distrib., Inc., 387 Mass. 457, 460, 440 N.E.2d 1278, 1280 (1982); Rosenfield v. United States Trust Co., 290 Mass. 210, 195 N.E.2d 323 (1935).

## 14. UNAMBIGUOUS TERMS

If the contract itself is clear and complete, other evidence, such as prior or contemporaneous oral discussions or negotiations, is not relevant. In interpreting the provisions of a contract, you must construe and enforce unambiguous terms of the contract according to their plain meaning.

Parol evidence, that is, verbal or written evidence not contained in the written contract itself, is not admissible to supplement, contradict or vary the terms of the agreement where the terms of the contract are unambiguous.

Mass. Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 48, 577 N.E.2d 283, 289 (1991); Chase Comm. Corp. v. Owen, 32 Mass.App.Ct. 248, 588 N.E.2d 705 (1992); Fairfield Clarendon Trust v. Dwek, 970 F.2d 990 (1st Cir. 1992).

15.     Ambiguous Terms

Sometimes the terms of a contract are ambiguous. A contract is considered ambiguous when its terms, or the words used, can reasonably support different interpretations.

You should consider the contract words used, the agreement as a whole, other documents relating to the transactions, what the parties said, and the surrounding facts and circumstances in order to determine what the ambiguous contract terms were intended to mean. This additional evidence is relevant to help you to ascertain the intent and expectations of the parties where the contract terms are ambiguous.

Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 577 N.E.2d 283 (1991); Chase Comm. Corp. v. Owen, 32 Mass.App.Ct. 248, 588 N.E.2d 705 (1992); Fairfield Clarendon Trust v. Dwek, 970 F.2d 990 (1st Cir. 1992).

If terms are ambiguous, then those terms are interpreted against the party who drafted them. This means that in the case of doubt as to the contract's meaning, the instrument is to be read against the interest of the party that drafted it.

Canam Steel Corp. v. Bowdoin Constr. Corp., 34 Mass.App.Ct. 943, 613 N.E.2d 121 (1993); Wood v. Roy Lapidus, Inc., 10 Mass.App.Ct. 761, 764, 413 N.E.2d 345, 347 (1980); Rams v. Royal Caribbean Cruise Lines, 17 F.3d 11 (1st Cir. 1994); Boston Helicopter Charter Co. v. Agusta Aviation Corp., 767 F.Supp. 363 (D.Mass. 1991).

16.    BREACH OF CONTRACT

A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, the non-breaching party must have completely performed its obligations. Where one party to a contract has failed to perform its obligations, then as a matter of law the other party is thereafter excused from performing its contractual obligations.

In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1.    that there is a contract,

2.    that the party performed its obligations under the contract (or is excused from performance),

3.    that the other party breached the contract, and

4.    that the non-breaching party suffered damages as a result of the breach of contract.

17.     TIME FOR PERFORMANCE

When a contract does not specify the time for performance, a party has a reasonable

period of time in which to perform.  Failing to perform within the time specified in the

contract, or within a reasonable amount of time if none is specified, would be a breach of

the contract.

Powers, Inc. v. Wayside, Inc. of Falmouth, 343 Mass. 686, 690–91, 180 N.E.2d 677,

680–81 (1962); Alexander v. Berman, 29 Mass.App.Ct. 458, 461, 560 N.E.2d 1295, 1297

(1990); Charles River Park, Inc. v. Boston Redev. Auth., 28 Mass.App.Ct. 795, 814, 557,

557 N.E.2d 20, 31–32 (1990).

18.     PERFORMANCE BY DEFENDANT

There can be no breach of contract where the defendant has fully performed.

Threlfall v. Coffee Roasters Prods., 306 Mass. 378, 380, 28 N.E.2d 445, 447 (1940); First

Nat'l Bank of Boston v. Cartoni, 295 Mass. 75, 78–79, 3 N.E.2d 177, 178–79 (1936). See

Cygan v. Megathlin, 326 Mass. 732, 735, 96 N.E.2d 702, 703–04 (1951) (stating that

"when a contract has been executed on one side, the law will not permit the injustice of

the other party retaining the benefit without paying unless compelled by some inexorable

rule"); Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc., 327

Mass. 535, 537, 100 N.E.2d 28, 30 (1951) (plaintiff must prove that defendant failed to

perform without a legal excuse to prove breach of contract).


Where a plaintiff has accepted the benefit of the defendant's full performance, the

plaintiff cannot then be heard to complain about the performance.

Church of God in Christ, Inc. v. Congregation Kehillath Jacob, 370 Mass. 828, 834–35,

353 N.E.2d 669, 672–73 (1976) (holding that where defendant accepted performance

under the contract, the defendant waived the condition stating that time was of the

essence and therefore could not use breach of the condition as a defense); Providence

Washington Ins. Co. v. Beck, 356 Mass. 739, 740, 255 N.E.2d 600, 601 (1970)

(concluding that the defendant had waived the plaintiff's repeated breaches by accepting

payment under the contract and continuing to perform); Cueroni v. Coburnville Garage,

Inc., 315 Mass. 135, 139, 52 N.E.2d 16, 18–19 (1943) (stating that where a party has

consented to the deviation from a contract, he cannot claim a breach of contract).

Where a person or entity contracts to perform services for another, it impliedly promises to perform the services in a reasonably diligent, skillful, workmanlike and adequate manner. The contract may be found to have been breached if it was performed negligently.

Previews, Inc. v. Everets, 326 Mass. 333, 94 N.E.2d 267 (1950); Damiano v. National Grange Mut. Liab. Co., 316 Mass. 626, 56 N.E.2d 18 (1944).

19. FULL PERFORMANCE

To recover for a breach of contract, a plaintiff must establish its full and complete performance of all obligations under the contract. However, a material breach of the contract by one party excuses further performance by the non-breaching party.

G.M. Abodeely Ins. Agency, Inc. v. Commerce Ins. Co., 41 Mass.App.Ct. 274, 669 N.E.2d 787 (1996); Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass.App.Ct. 391, 600 N.E.2d 599 (1992); Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147 (1st Cir. 1991).

20. REMEDIES

If a party breaches a contract, then the non-breaching party has a right to elect a remedy to redress the breach. The type of breach must be considered in order to determine the remedies available to the non-breaching party.

There are two kinds of breach of contract—material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement.

An immaterial breach involves something which is not an essential feature of the contract.

If a party has materially breached the contract, then the non-breaching party is excused from further performance under the contract and may elect to rescind or cancel the contract, or it may affirm the contract and sue to recover for its damages.

However, if a party breaches a contract in a nonmaterial way, the injured party may be entitled to bring an action for damages, but it may not stop performing its obligations under the contract

Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391, 396–97, 600 N.E.2d 599, 602 (1992); E. Allan Farnsworth, Contracts § 8:16 (Little, Brown & Co., 1990).

21.    DAMAGES

The fact that I charge you on the measurement of damages is not, and should not be considered by you as any indication that I think damages should be awarded. I give you these instructions on damages solely because I am required to charge you on all phases of the case that you might have to consider. If the plaintiff has not proven that the defendant breached the contract, then you will not consider the issue of damages.

If the defendant did breach the contract, you must then decide the amount of the plaintiff's damages, if any. Before the plaintiff can recover damages under any theory of recovery, it must prove that the defendant's breach caused damages.

Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass.App.Ct. 391, 397, 600 N.E.2d 599, 602 (1992).

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

The plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact.

Productora E Importadora De Papel v. Fleming, 376 Mass. 826, 837–38, 383 N.E.2d

1129, 1136 (1978); White Spot Constr. Co. v. Jetspray Cooler, Inc., 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 95 N.E. 961 (1911).

An injured party is entitled to recover both general and special damages. General damages are those which flow according to common understanding as the natural and probable result of the breach.

Boylston Hous. Corp. v. O'Toole, 321 Mass. 538, 562–63, 74 N.E.2d 288, 302–03 (1947) (special or consequential damages compensated for loss of rents of apartments due to failure of timely installation of elevator). See also First Pennsylvania Mortgage Trust v. Dorchester Sav. Bank, 395 Mass. 614, 481 N.E.2d 1132 (1985).

Consequential damages result from special circumstances known or presumed to have been known to the parties.

Adapted from J. Wittenberg, Damages (Flaschner Judicial Institute, 1988).

The measure of damages awarded in a repair contract where the party performing the repairs fails to complete the job is the reasonable cost of completion and repair of the defective work in accordance with the contract.

If defective work is repairable within the boundaries of reasonableness, the recovery should be based on the price of repairing the job. If not, the damages should be measured by the difference between the value of the work in disrepair and the value of the subject structure if satisfactorily completed according to the contract.

Louise Caroline Nursing Home, Inc. v. Dix Constr. Corp., 362 Mass. 306, 285 N.E.2d
904 (1972); Providence Washington Ins. Co. v. Beck, 356 Mass. 739, 255 N.E.2d 600
(1970); Rombola v. Cosindas, 351 Mass. 382, 220 N.E.2d 919 (1966); Concannon v.
Galanti, 348 Mass. 71, 202 N.E.2d 236 (1964); Ficara v. Belleau, 331 Mass. 80, 117
N.E.2d 287 (1954); Morgan-Nat'l Woodworking Co. v. Cline, 324 Mass. 15, 84 N.E.2d
460 (1949); Roblin Hope Indus., Inc. v. J.A. Sullivan Corp., 11 Mass.App.Ct. 76, 413
N.E.2d 1134 (1980); Champagny v. Erickson, 33 Mass.App.Dec. 72 (1965) (application
of the foregoing measurement must not place the plaintiff in a better position than
performance would have). See generally Knightsbridge Mktg. v. Promociones y
Proyectors, 728 F.2d 572 (1st Cir. 1984); Redgrave v. Boston Symphony Orchestra, Inc.,
602 F.Supp. 1189 (D.Mass. 1985), aff'd in part, vacated in part, 855 F.2d 888 (1st Cir.
1988).

The law requires that you calculate damages within a reasonable degree of certainty, not
an absolute degree of certainty. However, the damages you award should not be
speculative. You should arrive at a figure within a reasonable range, a figure supported
by the evidence and by inferences drawn from the evidence. Damages must be proved
with a reasonable degree of certainty. Thus, damages cannot be speculative. Any
damages that the plaintiff claims to have suffered, including any compensatory damages,
must be computed by rational methods upon a firm factual basis. Therefore, any damages
sought must be proven and not left to speculation.

In order to recover damages, a party must establish that [his/her] damages are

ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.

However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

Rombola v. Cosindas, 351 Mass. 382, 220 N.E.2d 919 (1966); Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346, 208 N.E.2d 209, 211 (1965); Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 635–36, 189 N.E.2d 231, 232 (1963); Whitespot Constr. Corp. v. Jetspray Cooler, Inc., 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); Bond Pharmacy, Inc. v. City of Cambridge, 338 Mass. 488, 156 N.E.2d 34 (1959); John Hetherington & Sons, Ltd. v. William Firth, Co., 210 Mass. 8, 21–22, 95 N.E. 961, 954 (1911); Novel Iron Works, Inc. v. Wexler Constr. Co., Inc., 26 Mass.App.Ct. 401, 412, 528 N.E.2d 142, 148 (1988); Gilmore v. Century Bank & Trust Co., 20 Mass.App.Ct. 49, 477 N.E.2d 1069 (1985).

22.    SPECIAL DAMAGES -- DELAY

If you find that the defendant wrongfully caused a delay in the performance of the
contract and that the plaintiff did not contribute to that delay, then the plaintiff is entitled
to recover damages attributable to the delay.

City of Boston v. New England Sales & Mfg. Corp., 386 Mass. 820, 438 N.E.2d 68
(1982); Morgan-National Woodworking Co., Inc. v. Cline, 324 Mass. 15, 17, 84 N.E.2d
460, 460 (1949); PDM Plumbing & Heating, Inc. v. Findlen, 13 Mass.App.Ct. 950, 951,
431 N.E.2d 594, 595 (1982) (award of increased overhead expenses caused by delay);
C.J.S. Damages, § 77; Schlothauer v. Gusse, 753 F.Supp. 414 (D.Mass. 1991).